|,DENNIS R. BAGNERIS, SR., Judge.
The City of New Orleans (“The City”) and Amram Cohen (“Cohen”) seek to reverse the trial court’s denial of its Petition for Intervention and for Injunction to Arrest Seizure and Sale under Executory Process. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY

The record reveals that on June 10, 1983, Phyllis Cohen-Allison, wife of /and Dean P. Allison (“The Allison”) acquired 823-25 Peniston Street (“the Property”). The property was financed by Carrollton Homestead Association (“Carrollton Homestead”). The Allisons executed a promissory note representing the loan and they granted a mortgage on the property in favor of Carrollton Homestead to secure the obligation under the note.
In 1987, the Allisons sold the property by act of sale and assumption to Kerri Holder, wife of/and Joseph Alan Novotny (“The Novotnys”). In 1991, the Novotnys sold the note to Lisa White, wife of / and James A. Castiglione, Jr. wife, who in turn by sale and assumption returned the property and note and mortgage securing the note to the Novotnys.
Un February 1992, Carrollton Homestead filed a petition for foreclosure via executory process without appraisement against the property and accelerated all payments. The Allisons and the Novotnys were named as defendants in the lawsuit. Approximately one month after Carrollton Homestead filed its petition for foreclosure via executory process, Carrollton Homestead went into receivership and Resolution Trust Corporation (“RTC”) was appointed receiver. The RTC then assigned the note and mortgage to Southeast Investments Inc., which merged with Southeast Investments, L.L.C. (“Southeast”) in January 1995.
In 1994 the property was adjudicated to the City of New Orleans for non-payment of the 1991 ad valorem property taxes, which remained unpaid up to and through 2003. Also, the City considered the property abandoned. In February 2003, the City gave preliminary approval to Cohen’s application to purchase the property.
In June 2003, Southeast assigned the note and the mortgage to the property to Keith Keller and Thomas O’Neil. On June 9, 2003, Keith Keller and Thomas O’Neil filed a petition for foreclosure via execute- *346 ry process without appraisement. The trial court appointed a curator, granted exec-utory process and issued a writ of seizure and sale to the Civil Sheriff to seize and sell the property.
In June 2003, a curator was appointed for Kerri Holder, wife of/ and Joseph A. Novotny to represent them as absentee defendants. On June 20, 2003, the City sold the property to Cohen for the sum of Nineteen Thousand Two Hundred Fifty and No/100 ($19, 250.00).
In July 2003 Cohen filed a petition for intervention and for injunction to árrest seizure and sale under executory process. The trial court set the matter for a show cause hearing for April 1, 2003. On July 30, 2003, Keller and O’Neil filed |3their answer to the petition for intervention and for injunction to arrest seizure and sale under executory process filed by Cohen. Also, on July 30, 2003 Amram filed a petition to quiet tax title, for cancellation of mortgage inscription and cancellation of affidavit of intent to possess the property.
On August 1, 2003, a hearing was held on Cohen’s petition for intervention and for injunction to arrest seizure and sale of the property. Both parties submitted their respective memoranda. On August 20, 2003, the trial court rendered judgment denying the intervention and injunction. The trial court also issued written reasons for judgment.
On appeal, the pivotal issues are whether the trial court erred in denying his petition for intervention and for injunction to arrest seizure and sale under executory process and whether that' the City did not comply with the notice provision of LSA-R.S. 33:4720.11, et seq.

DISCUSSION

A court of appeal may not set aside a trial court’s or a jury’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong.” Rosell v. ESCO, 549 So.2d 840 (La.1989); Stobart v. State, Through Department of Development and Transportation, 617 So.2d 880, 883 (La.1993). In Mart v. Hill, 505 So.2d 1120, 1127 (La.1987), the Louisiana Supreme Court announced a two-part test for the reversal of a fact finder’s determinations:
1. The appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and
2. The appellate court must further determine that the record establishes that the finding is clearly wrong or manifestly erroneous.
|4In essence, this test means that a reviewing court must do more than simply review a record for some evidence which supports the trial court’s finding; it must determine that the record, as a whole, establishes the trial court was justified in its conclusions. However, because the fact finder is best aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding and belief in what is said, when there is a conflict in the testimony reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell, at 844; Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Housley v. Cerise, 579 So.2d 973 (La.1991).
The issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the fact finder’s conclusion was a reasonable one. Cosse v. ALlen-Bradley Co., 601 So.2d 1349, 1351 (La.1992). The reviewing court must always keep in mind that “if the trial court or jury’s findings are reasonable in light of the record reviewed in *347 its entirety, the court of appeal may not reverse, even though convinced that had it been sitting as the trier of fact,, it would have weighed the evidence differently.” Sistler v. Liberty Mut. Ins. Co., 558 So.2d 1106, 1112 (La.1990). Consequently,, when there are two permissible views of the evidence, the fact finder’s choice between them cannot be manifestly erroneous or clearly wrong. Id., at 1112.
In order to stop the seizure and sale of property, the defendant may assert objections through an injunction' proceeding, as set forth in La. C.C.P. arts: 2751-52, as follows:
Art. 2751. Grounds for arresting seizure and sale; damages
|fiThe defendant in the executory proceeding may arrest the seizure and sale of the property by injunction when the debt secured by the security interest, mortgage, or privilege is extinguished, or is legally unenforceable, or if the procedure required by law for an execu-tory proceeding has not been followed.
Art. 2752. Injunction procedure
A. The petition for injunction shall be filed in the court where the executory proceeding is pending, either in the ex-ecutory proceeding or in a separate suit. The injunction proceeding to arrest a seizure and sale shall be governed by the provisions of Articles 3601 through 3609 and 3612, except as provided in Article 2753. However, a temporary restraining order shall not issue to arrest the seizure and sale of immovable property, but the defendant may apply for a preliminary injunction in accordance with Article 3602. In the event the defendant does apply for a preliminary injunction the hearing for such shall be held before the sale of the property. B. If the court finds that the temporary restraining order or preliminary injunction was wrongfully issued, the court, unless the proceedings are stayed, in addition to the damages authorized under Article 3608, may allow the sheriff to proceed with the sale by virtue of the prior advertisement, if not expired.
A writ of preliminary injunction may only be issued .for certain reasons, as set forth in' La. C.C.P. art. 3601, as follows:
Art. 3601. Injunction, grounds for issuance; preliminary injunction; temporary restraining order
An injunction shall issue in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law; provided, however, that no court shall have jurisdiction to issue, or cause to be issued, any temporary restraining order, preliminary injunction, or permanent injunction against any state department, board or agency, or any officer, administrator or head thereof, or any officer of the State of Louisiana in any suit involving the expenditure of public funds under any statute or law of this state to compel the expenditure of state funds when the director of such department, board or agency, or the governor shall certify that the expenditure of such funds would have the effect of creating a deficit in the funds of said agency or be in violation of the requirements placed upon the expenditure of such funds by the legislature.
During the pendency of an action for an injunction the court may issue a temporary restraining order, a preliminary injunction, or both, | ^except in cases where prohibited, in accordance with the provisions of this Chapter.
Except as otherwise provided by law, an application for injunctive relief shall be by petition.
*348 A preliminary injunction is an ancillary proceeding and the right to the permanent injunction must be proven before a preliminary injunction may be issue. See Editors’ Notes to La. C.C.P. art. 3601.
In the instant case, the trial court in its written reasons for judgment found that the provisions of LSA-R.S. 33:4720.11, et seq. require that the mandated Notice be made by the City of New Orleans. Further, the trial court noted that there is no authority for the City to designate other than itself to provide Notice and that the City failed to provide the requisite Notice. Therefore, the 60-day post-adjudicative period prior to the sale of the property did not pass, and as a result the sale to the Intervenor was not valid. Also, the Intervenor was not a party of interest and has no right to enjoin the Executory Process action.
After careful review of the record in its entirety, we find the record indicated the fact finder’s conclusions were reasonable ones. Further, the record, as a whole, establishes the trial court was justified in its conclusions. We find no error in the trial court’s judgment.
Accordingly, we affirm the trial court’s judgment.

AFFIRMED.

CANNIZZARO, J., dissents with reasons.