945 So.2d 79 (2006)
Neal LANEY
v.
CITY OF NEW ORLEANS, through its DEPARTMENT OF FINANCE, Bureau of the Treasury, and Janyce D. Degan, in her official capacity as the Assessor for the Sixth District of New Orleans, and Terence O'Neil.
No. 2005-CA-0521.
Court of Appeal of Louisiana, Fourth Circuit.
October 27, 2006.
*80 Eric Oliver Person, New Orleans, LA, for Plaintiff/Appellant.
Ronald J. White, Murphy, Rogers, Sloss & Gambel, Hammond, LA, for Defendants/Appellees (Terence Q. O'Neil and 825 General Taylor, LLC).
Edmond G. Miranne, Jr., Deputy City Attorney, Sherry S. Landry, Former City Attorney, Frank R. Nicotera, Chief Deputy City Attorney, New Orleans, LA, for Defendant/Appellee (The City of New Orleans).
(Court composed of Judge MICHAEL E. KIRBY, Judge TERRI F. LOVE, Judge LEON A. CANNIZZARO JR.).
MICHAEL E. KIRBY, Judge.
In 1994, the Louisiana Legislature enacted legislation authorizing political subdivisions to sell abandoned and adjudicated property. La. R.S. 33:4720.11, et seq. Briefly, the legislature found that it needed to provide a mechanism whereby political subdivisions could sell abandoned properties to control the rising number of such properties and to slow urban blight. It saw this mechanism as a way to revitalize economically depressed areas by placing abandoned properties back into the stream of commerce. La. R.S. 33:4720.11 and 33:4720.15. It defined "abandoned property" to include immovable property that had been adjudicated to a political subdivision for non-payment of taxes, La. R.S. 33:4720.12(1), and it decreed that, for purposes of the three-year redemptive period of Article VII, Sec. 25 of the state constitution, an adjudication of property to a political subdivision for non-payment of taxes shall be considered as a tax sale. La. R.S. 33:4720.12 and La. R.S. 33:4720.13. Further, the legislation provided that a purchaser of abandoned property from a political subdivision at a post adjudication sale shall be deemed to have purchased the property at a tax sale. La. R.S. 33:4720.16(A). The recordation of a post adjudication act of sale in the conveyance and mortgage office operates to cancel "all liens, privileges, conventional and judicial mortgages, and other encumbrances" recorded against the property. La. R.S. 33:4720.16(c).
At least sixty days before the post adjudication sale the political subdivision "shall cause notice to be given" to the owner, mortgagee and certain other persons. La. R.S. 33:4720.17(A). "Notice," insofar as in here relevant, is defined as the sending of written communication to interested parties either by registered or certified mail, *81 return receipt requested, or in the same manner as service of citation or other process either by the sheriff, deputy sheriff or constable; or, by a duly authorized building inspector or other representative of the political subdivision, as provided by ordinance. La. R.S. 33:4720.12(2)(a). A post adjudication sale of abandoned property conveys the property free and clear of all liens and privileges. La. R.S. 33:4720.18.
In January 2003, the City of New Orleans implemented its Sale of Abandoned Property Program ("SOAP Program"), as a way to eliminate blighted homes. One of the initial sales of an abandoned and adjudicated building under the SOAP program was the focus of litigation. Keller v. Allison, XXXX-XXXX (La.App. 4 Cir. 6/23/04), 879 So.2d 344, writ denied, XXXX-XXXX (La.10/15/04), 883 So.2d 1063.
In that case, property had been adjudicated to the City of New Orleans for non payment of taxes in 1994. In June 2003 the then current holder of the note and mortgage on the property filed a petition for executory process which resulted in the issuance of a writ of seizure and sale. Later that month the City sold the property under the SOAP Program to Cohen who then tried to intervene in the foreclosure proceedings to arrest the seizure and sale under executory process. The trial court denied the intervention and injunction on the basis that the City had not complied with the notice provisions of La. R.S. 33:4720.12 and 33:4720.17.
The majority of the reviewing panel of this Court applied the manifest error rule and concluded that the trial court's conclusion was reasonable and that the record as a whole established the trial court was justified in its conclusions. The dissent contended that the issue before the court was not a factual one subject to the manifest error rule, but rather a question of law which was not entitled to deference by a reviewing court. It pointed out that pursuant to La. R.S. 33:4720.12(2)(a) notice could be given by registered or certified mail, by service as in a civil case or by an authorized building inspector or other representative of the political subdivision. The dissent found the City had requested Cohen's attorney to give the notice, that he did so in accordance with the statute and thus the notice was legally sufficient.
This case deals with property bearing the municipal address 825-827 General Taylor Street in New Orleans ("subject property"). The subject property was adjudicated to the city for non-payment of property taxes on January 13, 1994. On September 19, 2003, the City transferred the property to Terrence O'Neil for $7,500.00 under the SOAP program. Appellant Neal Laney avers he is the holder of a valid mortgage on the subject property and filed suit on October 3, 2003 against O'Neil and the City. The suit challenged O'Neil's title to the property based upon the alleged breach by O'Neil of an alleged oral agreement whereby O'Neil was to acquire the property from Laney rather than the City. On July 22, 2004, Laney filed a Motion for Summary Judgment challenging the adequacy of notice issued to him during the pendency of the SOAP Program sale from the City to O'Neil. O'Neil and 825 General Taylor, LLC aver that they acquired the subject property free and clear of all mortgages by operation of law (La. R.S. 47:2183(E)), and that Laney received notice of the impending SOAP Program sale from the McGlinchey Stafford law firm. La R.S. 33:4720.17. The McGlinchey firm was not representing O'Neil, but was hired by his counsel for the purpose of sending the required notice.
ACTION OF THE TRIAL COURT
On November 19, 2004, the trial court held a hearing on Laney's Motion for Summary *82 Judgment. The Court denied the requested Summary Judgment against O'Neil and 825 General Taylor, L.L.C. It also dismissed with prejudice Laney's request to rescind the sale of the subject property to O'Neal, on the basis that Laney's mortgage was extinguished under La. R.S. 47:2183. It held that the July 18, 2003 notice sent by the McGlinchey law firm complied with La. R.S. 33:4720.11 et seq. The judgment was designated as a final judgment under La. C.C.P. Art. 1915(B).
SUMMARY JUDGMENT STANDARD:
Appellate courts review the granting of summary judgment de novo under the same criteria governing the trial court's consideration of whether summary judgment is appropriate. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180, 1183. See also, Independent Fire Insurance Co. v. Sunbeam Corp., 99-2181, 99-2257, p. 7 (La.2/29/00), 755 So.2d 226, 230. A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to a material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). If the court finds that a genuine issue of material fact exists, summary must be rejected. Oakley v. Thebault, 96-0937 (La.App. 4 Cir. 11/13/96), 684 So.2d 488, 490. The burden does not shift to the party opposing the summary judgment until the moving party first presents a prima facie case that no genuine issues of material fact exist. Id. At that point, if the party opposing the motion "fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact." La. C.C.P. art. 966(C)(2). Summary judgment should then be granted.
In Hardy v. Bowie, 98-2821 (La.9/8/99), 744 So.2d 606, the Louisiana Supreme Court stated that "[a] fact is `material' when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery." 98-2821, p. 6, 744 So.2d at 610. The Supreme Court also stated that "[f]acts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute." Id.
ASSIGNMENTS OF ERROR:
Laney appeals assigning four errors: 1) that the trial court erred in finding that the City complied with the notice provision of La. R.S. 33:4720.11 et seq; 2) that it erred in finding that the McGlinchey firm could be or was the designee of the City for notice purposes; 3) that the Court erred in finding that Laney lost his mortgage on the subject property due to the passage of three years from the date of the tax sale and in finding that Laney was not a party in interest; and, 4) that the court erred in distinguishing Keller v. Allison, supra.
ASSIGNMENTS 1, 2 AND 4:
These assignments present issues similar to those raised in Keller v. Allison, supra. The relevant statutes are:
La. R.S. 33:4720.12 Definition:
* * *
(2)(a) "Notice" as applied in this Chapter, is the sending of written communication to interested parties:
(i) By means of registered or certified mail, return receipt requested.
(ii) In the same manner as service of citation or other process, whether made by sheriff, deputy sheriff, or constable.
(iii) By a duly authorized building inspector or other representative of *83 the political subdivision, as provided by ordinance.
* * *
La. R.S. 33:4720.17:
A. At least sixty days prior to the post-adjudication sale, the political subdivision shall cause notice to be given to the owner, the mortgagee, and any other person who may have a vested or contingent interest in the property, or who has filed a request for notice as provided in Subsection B of this Section, as specifically identified in the mortgage records or conveyance records of the parish in which the property is located. No further notification shall be required upon any person acquiring a vested or contingent interest subsequent to the recordation of the notice provided herein in the conveyance records of the parish in which the property is located. The notice required herein shall be sufficient, and it shall not be necessary to determine whether notice of the tax sale was given.
Our de novo review of the record reveals that the letter from the McGlinchey firm is dated July 18, 2003. Although the return receipt card indicates Laney received it on July 22, 2003, the notice is timely since La. R.S. 33:4720.12(2)(a) defines notice as "the sending" of the certified letter within the sixty days, not its receipt within sixty days.
We now proceed to a consideration of whether the McGlinchey firm could properly send notice of the impending SOAP sale.
We begin, as always, by an examination of the words used by the legislature in expressing its will. First we see that "notice" is the sending of a written communication to interested parties. Secondly, we understand the subsequent three sub-paragraphs as alternative or disjunctive methods of providing the written communication. If they were not intended to be alternative methods of providing notice, then the result would be that an interested person would be entitled to receive three notices, advising him of the same event. This would constitute a needless multiplication of the use of resources which we do not think the legislature intended. We think the legislature intended to, and did provide a series of optional methods whereby interested parties would receive notice of proposed action pertaining to the abandoned property.
Conspicuously absent from La. R.S. 33:4720.12 is a specification of who shall send the notice. We know the method may be by registered or certified mail return receipt requested, or in the same manner a service of citation or by a building inspector or other authorized representative of the political subdivision. We find it significant that in La. R.S. 33:4720.17(A) the legislature required that the political subdivision "cause notice to be given" to certain parties. We do not read these words as imposing an obligation on the political subdivision to send the notice itself, only to ensure that notice is sent. This is especially true in light of the language of Subsection (D) of La. R.S. 33:4720.17. There, the legislature specifically said "A political subdivision shall notify. . . ." Obviously if it wanted the political subdivision itself to send the notice of the SOAP sale request to interested parties the legislature knew how to say it clearly. Having not mandated the political subdivision alone to send the notice, we are compelled to conclude the legislature intended to permit the political subdivision to delegate that responsibility.
Our review of the record reveals a document entitled "Blight Busters! New Orleans City Attorney's Guide to Sale of *84 Abandoned Property." On page 4 of 4 thereof appears the statement "The applicant or the applicant's attorney shall serve as the City's representative by providing and recording the notice required by La. R.S. 33:4720.17. . . ." We find this provision to be adequate authority for O'Neil's attorney to retain the McGlinchey firm to send the required statutory notice.
We are urged to distinguish Keller v. Allison, supra on the basis that the mortgagees there received no actual notice of the impending SOAP program sale because they acquired their security interests after the notice had been sent to interested parties. We do note from the Keller opinion that Cohen received his preliminary approval for the SOAP sale in February of 2003 and that Keller did not acquire his security interest until June of 2003. In our view the lack of actual notice to the mortgagees is a distinction without a difference because La. R.S. 33:4720.17(A) specifically provides that no further notice is required to anyone who acquires an interest subsequent to the issuance of notices.
We have not been able to legitimately distinguish Keller v. Allison on any other basis and we are unable to reconcile its holding with the clear language of the controlling statutes. Since we believe it was incorrectly decided by applying the deferential manifest error standard to a legal question, it is hereby overruled.[1]
For the reasons assigned we do not find the trial court erred in its finding that the City complied with the notice provision of La. R.S. 33:4720.11, et seq; that the McGlinchey firm could be and was properly delegated the duty to notify interested parties and in not following Keller v. Allison, supra.
ASSIGNMENT NUMBER 3:
By this assignment Lang complains of that portion of the judgment below which declared his mortgage extinguished under La. R.S. 47:2183 and dismissed his claim to rescind the sale of the subject property.
In pertinent part the statute provides as follows:
La. R.S. 47:2183. Immovable property: tax sales, tax deeds.
A. * * * [T]he tax collector of the municipal authorities . . . shall execute and sign . . . acts of sale to purchasers of any real estate sold for taxes . . . with the statement . . . that the property shall be redeemable at any time for the space of three years beginning on the day when the deed is filed for record in the conveyance office. . . .
B. If not redeemed, such record in the conveyance or mortgage office shall operate as a cancellation of all conventional and judicial mortgages. . . .
* * *
Put simply, Laney's argument is that since the property was adjudicated to the City for non-payment of taxes and not sold at a tax sale to a third party La. R.S. 47:2183 does not apply. We disagree with his analysis. La. R.S. 47:2251(B) provides:
For the limited purposes of the three-year redemptive period stated in Article *85 VII, Section 25 of the Constitution of Louisiana, the adjudication of property to a political subdivision pursuant to La. R.S. 47:2186 shall be deemed a tax sale and governed by the procedure of La. R.S. 47:2183 relative to the commencement of the three year redemptive period.
This provision squarely equates the adjudication of real estate to a municipality with a tax sale to a third person for purposes of the three year redemptive period. When the property was not redeemed within the three year period following recording of the adjudication, the mortgage was cancelled.
AFFIRMED.
NOTES
[1] We have submitted this issue to the Court en banc and a majority of the Judges have determined that Keller v. Allison, XXXX-XXXX (La. App. 4 Cir. 6/23/04) 879 So.2d 344, writ denied, XXXX-XXXX (La.10/15/04), 883 So.2d 1063 should be overruled. The following Judges voted to overrule C.J. Armstrong, J. Jones, J. Murray, J. McKay, J. Kirby, J. Love, J. Tobias, J. Gorbaty, J. Lombard and J. Cannizzaro. The following Judges recused: J. Bagneris and J. Belsome.