Judge Dale N. Atkins
Plaintiff/appellant, James Chapman, seeks to appeal the trial court's denial of his motion for summary judgment in which he sought a judgment of possession based on ten-year acquisitive prescription. This Court does not have appellate jurisdiction over a denial of summary judgment. For the reasons that follow, we convert the appeal to an application for supervisory writ, grant the writ, but deny the relief requested by Mr. Chapman.
BACKGROUND
James Chapman purchased the property at 308-310 Cherokee Street from the City of New Orleans on June 14, 2005, for $ 15,000.00. The City previously obtained ownership of the same property via tax sale in August 1988 after Ms. Dorothy Settles failed to pay her property taxes.
The City of New Orleans held the property for approximately 17 years before Mr. Chapman purchased the property at a Sheriff's auction in 2005 pursuant to former La. R.S. 33:4720.11 (repealed in 2008). The Act of Sale between the City of New Orleans and Mr. Chapman provides: "pursuant to La. R.S. 33:4720.11, et seq., Seller does hereby grant, bargain, sell, convey, assign, transfer, set over and deliver, without warranty of title, but with full substitution and subrogation in and to any and all actions of warranty which it has or may have against any and all preceding owners or vendors, unto Purchaser, the [property]."
*868 In 2016, having held the property for more than ten years, Mr. Chapman filed a Petition for Declaratory Judgment by Adverse Possession, which named the prior owner, Ms. Dorothy M. Settles, as the defendant. Mr. Chapman's petition alleges that he has been in possession of the property as owner since the Act of Sale, June 14, 2005; he has openly possessed and maintained the property as his own, without interruption; and he has continued to pay taxes on the property.
Ms. Settles filed an Answer and Reconventional Demand, denying that Mr. Chapman could own the property because, Ms. Settles claims, she did not receive actual notice of the tax sale in accordance with her due process rights. The reconventional demand states that Ms. Settles acquired the property through a Judgment of Possession issued in succession proceedings in 1983. Ms. Settles' reconventional demand further acknowledges that Mr. Chapman purchased a claim over the subject property.
Mr. Chapman filed a motion for summary judgment seeking a judgment of possession based on ten-year acquisitive prescription. In opposition to the motion for summary judgment, Ms. Settles and her son submitted affidavits indicating that P.O. Box 764 was never a proper address for Ms. Settles. She argued that Mr. Chapman is not entitled to ten-year acquisitive prescription because he does not hold just title.
At the summary judgment hearing, the court found that the tax collector was required to send to each taxpayer by certified mail, return receipt requested, notice of the delinquency and the sale, pursuant to former La. R.S. 47:2180, which was in effect at the time of the sale. The district court denied the motion for summary judgment, stating that "it is unclear whether Ms. Settles received proper notice of the sale," and asked counsel for Ms. Settles to prepare a written judgment.
Mr. Chapman timely appealed the district court's ruling.
JURISDICTION
This Court may not determine the merits of an appeal unless its jurisdiction is properly invoked by a final judgment. Tomlinson v. Landmark American Ins. Co. , 2015-0276, p. 1 (La. App. 4 Cir. 3/23/16), 192 So.3d 153, 156. The trial court signed the Judgment denying Chapman's motion for summary judgment on July 11, 2018. The denial of a motion for summary judgment is not a final appealable judgment. La. C.C.P. art. 968 ; Clark v. Legion Ins. Co. , 2002-2487, p. 6 (La. App. 4 Cir. 7/23/03), 853 So.2d 684, 687. However, this Court in its discretion may convert an appeal to a supervisory writ application when certain criteria are met, as expressed in Mandina, Inc. v. O'Brien :
In certain circumstances, this court has exercised its discretion to convert an appeal of an interlocutory judgment that is not immediately appealable into a supervisory writ application ... when the following two circumstances both are present: (i) the motion for appeal has been filed within the thirty-day time period allowed for the filing of an application for supervisory writs under Rule 4-3 of the Uniform Rules, Courts of Appeal. (ii) When the circumstances indicate that an immediate decision of the issue sought to be appealed is necessary to ensure the fundamental fairness and judicial efficiency, such as where reversal of the trial court's decision would terminate the litigation.
2013-0085, pp. 8-9 (La. App. 4 Cir. 7/31/13), 156 So.3d 99, 104. See also Forstall v. City of New Orleans , 2017-0414, pp. 5-6 (La. App. 4 Cir. 1/17/18), 238 So.3d 465, 469 ;
*869 Herlitz Constr. Co., Inc. v. Hotel Inv'rs of New Iberia, Inc. , 396 So.2d 878 (La. 1981).
Here, Mr. Chapman filed a "Notice of Appeal" on August 6, 2018, and an Order granting the appeal was signed on August 7, 2018.[1] Mr. Chapman demonstrated his intent to seek review within 30 days of the district court's July 11, 2018 Judgment, thereby satisfying the first prong of the Mandina test. In addition, we find the second prong of the Mandina test is met, because a reversal of the trial court's ruling would effectively terminate the litigation. Finding the Mandina test satisfied, we exercise our discretion to convert Mr. Chapman's appeal to a supervisory writ application, and grant a writ to address the parties' arguments.
STANDARD OF REVIEW
This Court has stated the standard of review on summary judgment as follows:
Appellate courts review the grant or denial of a motion for summary judgment de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. This standard of review requires the appellate court to look at the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, to determine if they show that no genuine issue as to a material fact exists, and that the mover is entitled to judgment as a matter of law. A fact is material when its existence or nonexistence may be essential to the plaintiff[']s cause of action under the applicable theory of recovery; a fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, no need for trial on that issue exists and summary judgment is appropriate. To affirm a summary judgment, we must find reasonable minds would inevitably conclude that the mover is entitled to judgment as a matter of the applicable law on the facts before the court.
The summary judgment procedure is designed to secure the just, speedy and inexpensive determination of actions. Summary judgments are favored, and the summary judgment procedure shall be construed to accomplish these ends.
Chatelain v. Fluor Daniel Const. Co. , 2014-1312, p. 3 (La. App. 4 Cir. 11/10/15), 179 So.3d 791, 793 (citing Mandina , 13-0085 at 9, 156 So.3d at 104-05 ).
With these precepts in mind, we review the parties' arguments.
ANALYSIS
Mr. Chapman asserts that he is entitled to acquisitive prescription of ten years under La. C.C. art. 3475 et seq. because the property is susceptible to acquisitive prescription; he has been in open possession of the property since the sale in 2005; at the time of the sale, he was in good faith; and the Act of Sale from the City constitutes "just title." In addition, Mr. Chapman claims that he has continued to maintain the property and pay taxes on it. He claims there has been no interruption *870 of his possession since 2005 and points out that Ms. Settles does not dispute this contention. Mr. Chapman further states that Ms. Settles was properly notified of the tax sale but admits in his pleadings that there is no proof of service by certified mail. Nevertheless, Mr. Chapman argues that due to his peaceful possession for more than ten years, he is entitled to the benefit of ten-year acquisitive prescription based on his good-faith ownership.
A possessor is in good faith when he reasonably believes that he is the owner of the thing he possesses. La. C.C. art. 3480 ; La. C.C. art. 3481.[2] "It is sufficient that possession has commenced in good faith; subsequent bad faith does not prevent the accrual of prescription of ten years." La. C.C. art. 3482.
In opposition, Ms. Settles argues that Mr. Chapman is not entitled to a judgment of possession through ten-year acquisitive prescription because he did not obtain title from a titled owner. Ms. Settles argues that the 2005 Act of Sale from the City is a non-warranty deed, "without warranty of title," equivalent to a quitclaim deed, which is insufficient to begin the running of ten-year good-faith acquisitive prescription. She argues that Mr. Chapman cannot acquire the property through acquisitive prescription until he has had uninterrupted possession for 30 years.
Ms. Settles also alleges that the deed or title that the City passed to Mr. Chapman is an absolute nullity because she did not receive proper notice of the sale. Affidavits submitted by Ms. Settles and her son state that the "P.O. Box 764" address in Washington DC was never a valid address for Ms. Settles. Additionally, Ms. Settles argues that advertisements prior to the sale were not sufficient to prove notice to the owner to satisfy due process protections under the Fourteenth Amendment to the U.S. Constitution, citing Lewis v. Succession of Johnson , 05-1192, p. 12 (La. 4/4/06), 925 So.2d 1172, 1179.[3] Ms. Settles evidently does not dispute that the tax sale was advertised; rather, she claims that such advertisements were insufficient to protect her due process rights under the Fourteenth Amendment and Article VII, § 25 of the Louisiana Constitution.[4] However, it is not clear from the record whether Ms. Settles could have been "identified or easily discovered," thereby necessitating that she receive written notice under Lewis , supra.
Moreover, the 2005 Act of Sale was confected pursuant to La. R.S. 33:4720.11 et seq. (now repealed), but the parties have not addressed whether the modified notice provisions found in *871 La. R.S. 33:4720.12 (2)(b) (now repealed),[5] if adhered to, might have constituted sufficient notice of the 2005 sale. See , e.g. , Laney v. City of New Orleans ex Rel. Dept. of Finance, 2005-0521, p. 7 (La. App. 4 Cir. 10/27/06), 945 So.2d 79, 83 ("The notice required herein shall be sufficient, and it shall not be necessary to determine whether notice of the tax sale was given."). Again, the evidence in the record does not establish whether Ms. Settles was "absent or unable to be served in accordance with Subparagraph (2)(a)" of La. R.S. 33:4720.12.
In light of the material issues of fact that have not been resolved, we decline to determine whether, if a tax sale is adjudged an absolute nullity for lack of sufficient notice, the tax sale purchaser's presumed good faith (pursuant to La. C.C. art. 3482 ) at the time of the transfer and his "just title" (pursuant to Clifton v. Liner , 552 So.2d 407, 414 (La. App. 1 Cir. 1989), and Callahan v. Authement , 99 So.2d 531, 539 (La. 1957) ) should prevail over the original property owner's right not to be deprived of property without due process of law.
In short, because genuine issues of both fact and law remain, we find that the matter is not ripe for summary judgment.
CONCLUSION
For the reasons stated above, we convert the appeal to a supervisory writ, grant the writ, and deny relief.
APPEAL CONVERTED TO WRIT; WRIT GRANTED; RELIEF DENIED
JENKINS, J., CONCURS IN THE RESULT

The method for taking an appeal involves three procedural elements: (1) a motion or petition for appeal, (2) an order of appeal, and (3) a notice of appeal. Ratcliff v. Boydell , 566 So.2d 197, 199 (La. App. 4 Cir. 1990) ; see also Belser v. St. Paul Fire & Marine Ins. Co. , 542 So.2d 163 (La. App. 1 Cir. 1989). Although Mr. Chapman filed a "Notice of Appeal" rather than a Motion or Petition for Appeal, the trial court signed the necessary Order granting the appeal in a timely manner.

La. C.C. art. 3481 provides: "Good faith is presumed. Neither error of fact nor error of law defeats this presumption. This presumption is rebutted on proof that the possessor knows, or should know, that he is not owner of the thing he possesses."

In Lewis , the Supreme Court stated: "the notice of the tax delinquency by publication of an advertisement for an upcoming tax sale, alone, does not pass constitutional muster if the owners of the property can be identified or are easily discovered. A taxpayer, therefore, must also have the opportunity to receive written notice, as a minimum requirement, to ensure protection of the owner's property rights under the Fourteenth Amendment." 05-1192 at 12, 925 So. 2d at 1179. We note that the holdings of the Lewis case were superseded by the Louisiana Legislature's changes made to the scheme for acquiring land through tax sales in 2008. However, the transfers at issue in this case occurred before 2008.

The lack of notice of a tax sale can result in the tax sale being adjudged an absolute nullity in certain circumstances. See , e.g. , Engine 22, LLC v. Land & Structure, LLC , 2016-0664, 2016-0665, p. 4 (La. App. 4 Cir. 4/5/17), 220 So.3d 1, 4.

La. R.S. 33:4720.12(2) (now repealed) provided guidelines for notice requirements in accordance with adjudicating abandoned property:
(a) "Notice" as applied in this Chapter, is the sending of written communication to interested parties:
(i) By means of registered or certified mail, return receipt requested.
(ii) In the same manner as service of citation or other process, whether made by sheriff, deputy sheriff, or constable.
(iii) By a duly authorized building inspector or other representative of the political subdivision, as provided by ordinance.
(b) In the event that the interested parties are absent or unable to be served in accordance with Subparagraph (2)(a) of this Section, notice may be made by publication once a week for two consecutive weeks in the official journal of the political subdivision.