LOTTINGER, Judge.
This is a suit to quiet the title to real property purchased by plaintiff-appellee at tax sale. The Lower Court rendered judgment confirming and quieting the title of plaintiff-appellee, Hubert Crain, as the owner of Lots 1 and 2, Block 55, Terrace Addition, Bogalusa, Washington Parish, Louisiana. The Lower Court further rendered judgment prohibiting defendants from claiming and setting up any right, title and interest in and to said property. From this judgment, Robert S. Vander-does, one of the heirs of C. W. Vander-does, appealed.
Plaintiff-appellee, Hubert Crain purchased the lots in question at tax sale on June 26, 1961, for delinquent parish taxes assessed in the name of C. W. Vanderdoes Estate. He was given a tax deed executed by James E. Goff, Deputy Sheriff, dated June 26, 1961, filed for record on July 5, 1961, and recorded July 18, 1961, in COB 169, page 397 of the records of Washington Parish. A certified copy of the above tax deed was introduced and filed into the evidence in the Lower Court proceeding. On December 10, 1965, Hubert' Crain instituted a proceeding to quiet and confirm the tax title showing that more than three (3) years had elapsed since the date of the registry of the tax deed in the conveyance records of Washington Parish. Service of the petition and citation was made on those heirs of C. W. Vanderdoes who were residents and were known to plaintiff-appellee. This included Robert S. Vanderdoes appellant herein. The non-resident and unknown heirs were represented by a curator ad hoc. On July 18, 1968, a supplemental and amending petition was filed by Hubert *158 Crain alleging that five (5) years had then elapsed since the registry of the tax deed, again praying that the title be quieted and putting defendants on notice that they had ten (10) days from the date of service to institute a proceeding to have the tax sale annulled. Again, service was made on the resident heirs known to the plaintiff-appel-lee including Robert S. Vanderdoes, the appellant herein, and service was made on a curator ad hoc for the non-resident and unknown heirs. No proceedings were instituted by defendants to have the tax sale annulled.
In due course, the Trial Court set the proceeding for trial. Notice of the trial was served on Robert S. Vanderdoes, the appellant. The trial was duly held on September 7, 1973. Plaintiff appeared through his counsel; the curator ad hoc was present to represent his appointed clients; but appellant made no appearance. The uncontradicted testimony of plaintiff is that he has paid all taxes on the property since becoming the owner thereof, maintaining the property and treating it as an adjunct to his family home. He further testified that neither Robert S. Vander-does, C. W. Vanderdoes or any of the heirs of C. W. Vanderdoes have through the years since the tax sale performed any acts of possession on the property. It is evident from the record that over five years elapsed from the date of the registry of the deed of the tax title to the filing of plaintiff’s amending petition, this setting up the five years peremptive period. The testimony and documentary evidence was submitted to the Trial Judge who, after considering same, rendered judgment in favor of plaintiff. Robert S. Vanderdoes appealed in proper person from the judgment of the Lower Court.
Appellant’s primary contention is that no notice of the tax sale was given to the tax debtor. Appellee contends, without admitting that said notice was not given, that the defense of lack of notice is barred by the running of the five year peremptive period provided by the Louisiana Constitution, Article 10, Section 11, as supplemented by R.S. 47:2228. Appellee cites Warner v. Garrett, 268 So.2d 92 (1st Cir. 1972), writ denied, 263 La. 987, 270 So.2d 123 and Laventhal v. Lake Investment Corporation, 252 So.2d 521 (4th Cir. 1971). Warner v. Garrett says:
“It is well established that certain nullities attending tax sales are relative and are cured by the three and five year prescriptive periods provided by LSA-Const. aft. 10, sec. 11, and the statutes enacted by the legislature from time to time. Among these are failure to properly advertise (Robinson v. Williams, 45 La. Ann. 485, 12 So. 499); lack of notice (Skannal v. Hespeth, 196 La. 87, 198 So. 661); and sale for taxes which have prescribed (Fellman’s Heirs v. Interstate Land Co., 163 La. 529, 112 So. 405). Defects which have been held to render tax sales absolutely null, and therefore incurable by prescription, include prior payment of taxes and dual assessment (Gremillion v. Daigrepont, La.App., 47 So.2d 363); lack of assessment (Tillery. v. Fuller, 190 La. 586, 182 So. 683); inadequate description (Yuges Realty v. Jefferson Parish Developers, 205 La. 1033, 18 So.2d 607), and fraud (Wall v. Hamner, 182 La. 1049, 162 So. 769).”
It is well settled in our jurisprudence that the introduction into evidence of a tax deed with its recitations constitutes prima facie proof of the regularity of the proceedings. The tax debtor must carry the burden of proof in establishing any defects alleged by him based on allegations of irregularities in the tax adjudication proceedings. The appellant has failed to raise any defects which would render the tax sale absolutely null and incurable by prescription. Since no such defects were raised or proven, the Lower Court was correct in rendering judgment confirming the tax sale.
*159 For the above and foregoing reasons, the judgment of the Lower Court is affirmed all costs of this appeal are to be paid by defendant-appellant, Robert S. Vanderdoes.
Judgment affirmed.