DANIEL L. DYSART, Judge.
|, In this consolidated matter, defendant/appellant, Leon J. Gibert, Jr. (“Gi-bert”), appeals a trial court judgment quieting the title of plaintiff/appellee, Citi-tax Group, L.L.C. (“Cititax”) and declaring Cititax to be the sole owner of property bearing the municipal address of 3635 Iberville Street in New Orleans, Louisiana. For the following reasons, we reverse.
FACTUAL BACKGROUND
In March 2, 2010, Cititax filed a Petition to Quiet Title (“Petition”) on property located at 3635 Iberville Street, in New Orleans, Louisiana (“the Property”). The *231 Petition named Gibert as a defendant and as the owner of the Property.[1]
The Petition alleges the following facts. Gibert acquired the Property by Act of Sale dated June 16, 1995, which was recorded in the conveyance records for Orleans Parish. After the taxes on the Property became delinquent in 2000 and 2001, Cititax bid on and acquired the Property at a November 18, 2002 tax sale. The Property was deeded to Cititax on August 14, 2003 and the deed to the ^Property was registered in the Orleans Parish conveyance records on November 4, 2003.
Cititax then filed the instant lawsuit, pursuant to La. R.S. 47:2228, et seq. on March 2, 2010.[2] Attached to Cititax’s Petition is a copy of the Tax Sale Deed by which ownership of the Property was transferred to Cititax.
On January 14, 2011, Gibert filed his own lawsuit, styled as a Petition for Redemption/Annulment of Tax Sale (“Petition to Annul”), against the City of New Orleans (the “City”). In this suit, Gibert alleged that the City conducted a tax sale of the Property without giving proper notice to him. Gibert alleges that, based on this lack of notice, the tax sale was invalid and an absolute nullity.[3]
Gibert’s lawsuit was consolidated with the Cititax suit by order dated May 12, 2011 and the matter proceeded to a bench trial on December 12, 2011. At trial, two witnesses testified: Gibert and Walter O’Bryan (“O’Bryan”). Gibert testified that he has resided at 30 Newcomb Blvd. in New Orleans since 1985 and has never resided at 38 Newcomb Blvd.
O’Bryan, who works in the Department of Finance for the Treasury Bureau of the City of New Orleans, identified a return receipt from a certified letter that was addressed to Gibert at 38 Newcomb Blvd., the address provided to the Department by the assessor. According to O’Bryan, the date of delivery of the certified letter was September 16, 2002. He “assumed” that it had been “properly served.”
| Notably, on the return receipt offered into evidence, the name “Gilbert” is written on the line indicating “Received by: (Print Name).” Where a signature was required by “(Addressee or Agent),” the return receipt simply states “30 New-comfsic]”. There is no signature and the printed name (Gilbert) is clearly not the correct name.
Judgment was rendered in Cititax’s favor, with written reasons for judgment issued on January 17, 2012. The trial court noted that the certified copy of the tax deed “constitutes prima facie proof of the validity of the tax sale and the burden then shifts to defendants to establish any nullities to defeat the title.” The trial court found as follows:
Defendants were unable to establish any nullities to defeat the title. While defendant, Mr. Leon J. Gibert, Jr. asserted that he had not received notice of the tax sale, the evidence revealed that the notice given to defendant, Leon J. Gibert was reasonable. While it is questionable whether the notice was actually *232 received by Mr. Gibert, notice was also published in the newspaper. The court finds that under the law as set forth in Mennonite Board of Missions v. Adams, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983), the notice given was sufficient.
From this judgment, Gibert has appealed.
DISCUSSION
Validity of tax sale
Gibert urges this Court to review the facts of this matter de novo, on the basis that the trial court made “a reversible error of law or manifest error of material fact.” Ordinarily, appellate courts review both facts and law under the manifestly erroneous or clearly wrong applicable standard of review. See: S.J. v. Lafayette Parish School Bd., 2009-2195, p. 13 (La.7/6/10), 41 So.3d 1119, 1128. In this matter, we are not presented with an incorrect application of the law, as |4 Gibert suggests. Rather, this case presents a pure factual issue; namely, whether the trial court erred in finding, as a factual matter, that the notice provided to Gibert was sufficient and met the due process requirements established by Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983) and its progeny. As such, we review this matter under a manifest error/clearly wrong standard.
Cititax argues that the introduction of a certified copy of the tax deed in this matter, is prima facie proof of the validity of the 2002 tax sale. It further maintains that the tax sale was valid because the tax collector followed the provisions of La. R.S. 47:2180 (now, La. R.S. 47:2153), noting that “[i]t was uncontested that the publication provisions of La. R.S. 47:2180(B) were satisfied.” Cititax seems to suggest that the tax collector could reasonably rely on the return receipt from the certified letter as proof that delivery had been made and as such, the tax sale was valid. In this regard, Cititax argues that “[tjhere was no evidence presented that the tax collector was on notice that delivery was not made and that the mailing address was incorrect or that an alternative address was reasonably ascertainable.” Likewise, Cititax argues that actual receipt of notice by a property owner is not required for due process to be satisfied.
Our jurisprudence does indicate that a tax deed by a tax collector shall be prima facie evidence that a valid sale was made. Smitko v. Gulf South Shrimp, Inc., 2011-2566, p. 11 (La.7/2/12), 94 So.3d 750, 757. Likewise, Cititax is correct that proof of actual receipt of notice is not required to satisfy due process. Thomas v. New Orleans Redevelopment Authority, 2004-1964, p. 11 (La.App. 4 Cir. 10/6/06), 942 So.2d 1163, 1170, citing, Dusenbery v. United States, 534 U.S. 161, 122 S.Ct. 694, 151 L.Ed.2d 597 (2002). However, the inquiry does not end there.
| ¡^Contrary to Cititax’s arguments, the question of whether the notice provided to Gibert was reasonable and complied with due process is not examined from the perspective of the tax collector. Rather, the crucial inquiry is whether the notice was “sent by mail or other means certain to ensure actual notice if the party’s name and address are reasonable ascertainable.” Lewis v. Succession of Johnson, 2005-1192, p. 7 (La.4/4/06), 925 So.2d 1172, 1172, citing Mennonite, supra, 462 U.S. at 800, 103 S.Ct. 2706. Accordingly, we look to whether, in this particular case, the notice to Gibert, addressed at “38 Newcomb Blvd.” was “certain to ensure actual notice.”
As concerns the issue of whether the address on the certified letter (38 New- *233 comb) was incorrect, we disregard altogether Cititax’s argument “the only evidence presented was the self-serving testimony of Mr. Gibert that he resided at BO Newcomb Blvd. and not 38 New-comb Blvd.” Mr. Gibert’s testimony at trial was unconditional — he has resided at 30 Newcomb Blvd. since 1985 and has never lived at the latter address. Cititax points to no facts in the record suggesting otherwise. We further note that the record contains a copy of the June 16, 1995 act of sale by which Gi-bert acquired the property at issue herein.[4] It clearly provides Gibert’s address as “30 Newcomb Blvd., New Orleans, Louisiana 70118.” Accordingly, there can be no serious dispute as to Gibert’s actual address or the fact that notice was sent to Gibert at an incorrect address.[5]
We likewise find no merit to the City’s argument that “the certified mail was delivered and the return receipt verified delivery to ‘Gilbert’ at ‘30 Newcomb’ ” [ r,and the City’s speculation as to what occurred when delivery of the certified mail was attempted.[6] As we noted, no signature appears on the return receipt and it provides no confirmation that the certified letter was received by anyone.
In that regard, the trial court made no finding as to the delivery/receipt of the certified letter. In its reasons for judgment, the trial court found “questionable whether the notice was actually received by [Gibert].” The trial court seemed to conclude that Gibert’s receipt of the notice was irrelevant, given that “notice was also published in the newspaper.”
It is clear that notice of a tax sale published in a newspaper is insufficient to comply with due process requirements. This was one of the precise issues with which the Mennonite, and Lewis courts were confronted. Citing Mennonite, the Lewis court noted:
Expanding on its decision in Mullane,[7] the Court added that notice by publication and posting is “designed primarily to attract prospective purchasers to the tax sale” and, consequently, is “unlikely to reach those who, although they have an interest in the property, do not make special efforts to keep abreast of such notices” ... Thus, the notice of the tax delinquency by publication of an advertisement for an upcoming tax sale, alone, does not pass constitutional muster if the owners of the property can be identified or are easily discovered. A taxpayer, therefore, must also have the opportunity to receive written notice, as a minimum requirement, to ensure protection of the owner’s property rights under the Fourteenth Amendment.
*234 Id., p. 12, 925 So.2d at 1179. (Citations omitted).
17While the Lewis court held that “where the tax debtor’s correct address is known and used, certified mail is a reasonable method of notifying the debtor,”[8] it follows that the address to which the certified mail is sent must be correct. See, e.g. 3525 North Causeway Blvd. Corp. v. Penney, 07-883, p. 5 (La.App. 5 Cir. 3/11/08), 982 So.2d 195, 199, writ denied, 2008-0771 (La.5/30/08), 983 So.2d 905.
In this matter, the record reflects that the certified letter was not sent to the correct address and the return receipt does not in any way confirm that the letter was delivered to the correct address. There is no question that Gibert’s correct address was known, as it is plainly set forth on the 1995 act of sale. Clearly, the tax collector made a mistaking in addressing the notice to Gibert, the effect of which is tantamount to notice never having been sent. Furthermore, as set forth herein, publication in the local newspaper of notice of the 2002 tax sale was insufficient to meet due process requirements. We therefore conclude that the tax sale, conducted without proper notice, violated Gi-bert’s due process rights and is an absolute nullity.
Timeliness of Gibert’s Petition to Annul
The City maintains that, even if the tax collector failed to properly notify Gibert of the tax sale, this failure is a “relative nullity, which is cured by the prescription [sic] period of five years,” citing La. Const. art. 7, § 25(C), La. R.S. 47:2266(A)(2), and Crain v. Vanderdoes Estate, 307 So.2d 157 (La.App. 1st Cir.1975).
|sThe statutory basis upon which the City relies is as follows. La. Const. art. 7, § 25(C), governing annulments of tax sales provides, in pertinent part, as follows:
No sale of property for taxes shall be set aside for any cause, except on proof of payment of the taxes prior to the date of the sale, unless the proceeding to annul is instituted within six months after service of notice of sale. A notice of sale shall not be served until the final day for redemption has ended. It must be served within five years after the date of the recordation of the tax deed if no notice is given.
La. R.S. 47:2266(A)(2) provides that “[i]f no proceeding to annul the sale has been instituted after the lapse of six months after the date of service of petition and citation, judgment shall be rendered quieting and confirming the title and the full ownership interest therein.”
We recognize the time limitations set forth under these provisions. We further recognize that the First Circuit in Crain noted the lack of notice of a tax sale to be a relative nullity which is cured by the applicable prescriptive period. However, Crain was decided “well before the Supreme Court in 1983 issued its opinion in Mennonite, which elevated the lack of notice in a tax sale to a due process violation rendering the tax sale null and of no effect. Since Mennonite, our court and the courts of this state have repeatedly held that the failure to give notice to a record property owner is a violation of the due process owed to the property owner and that the resulting tax sale is null and void in its entirety.” Smitko, supra, p. 14, 94 So.3d at 759.
In Smitko, the defendant (the former record property owner), who never received notice of a tax sale, filed a recon-ventional demand seeking to annul the tax sale sixteen months after filing its original answer to a petition to quiet title. |9The *235 trial court granted summary judgment in favor of the tax purchaser. Part of its ruling was based on a prior finding that the defendant’s reconventional demand was barred because it was filed more than six months after the defendant was served with the petition and citation to quiet title. A divided First Circuit court affirmed, finding that the reconventional demand, filed after the six month time limitation set forth in La. R.S. 47:2228 (now, La. R.S. 47:2266) was untimely.[9] In reversing the lower courts, the Louisiana Supreme Court stated:
[W]e find the failure of the Sheriff to provide notice of the tax delinquencies and tax sales to [defendant], if proven by [defendant], was a violation of due process that would preclude confirmation of the tax sales ... Accordingly, because the tax sales of June 25, 2003, were apparently of no legal force or effect, [defendant’s] April 24, 2008 reconven-tional demand to annul the tax sales for lack of due process was timely before the trial court.
Id., p. 14, 94 So.3d at 759.
As we have already concluded that the tax sale in this matter violated Gibert’s due process rights and, therefore, is an absolute nullity, we find that Gibert’s Petition to Annul is timely and is not barred by the provisions of either La. Const. art. 7, § 25(C) or 47:2266(A)(2). See also, Orleans Dist. Redevelopment Corp. v. Ocwen Loan Servicing, L.L.C., 2011-0260, pp. 11-12 (La.App. 4 Cir. 12/21/11), 83 So.3d 105, 112, writ denied, 2012-0175 (La.3/23/12), 85 So.3d 96, (“the failure to provide notice of delinquency to an owner or mortgagee offends the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution and, consequently, renders the tax sale an absolute nullity, such that neither peremption nor prescription can save the sale”); Quantum Resources Management, L.L.C. v. Pirate Lake Oil Corp., 11-813, p. 4 (La.App. 5 Cir. 5/31/12), 98 So.3d 394, 398 (“[w]hen a tax sale of real property does not meet the constitutional and jurisprudential criteria, including if the debtor’s due process rights were violated because of lack of adequate notice as per Mennonite, the peremptive period of La. Constitution Article VII, § 25(C) does not run. The tax sale is an absolute nullity that may be attacked collaterally at any time, and is not cured by the constitutionally peremptive period”).
CONCLUSION
Based on the reasons set forth above, we conclude the trial court erred in quieting title in Cititax’s favor. We further conclude that the August 14, 2003 tax sale deed is null and void in its entirety for failure to provide notice of the tax sale to Gibert. The trial court’s judgment is reversed.
REVERSED

.Also named as defendants are Tracy Lynn Meyer, Josephine Gibert Adams Farwell, as successor in interest to C & S Family Credit, Inc., and Charles E. Ruello, who were noted to be "persons with an encumbrance on the property filed in the mortgage records for the Parish of Orleans.”

. La. R.S. 47:2228 was repealed effective January 1, 2009. It was replaced with La. R.S. 47:2266.

. While Gibert states that he “became aware” of the tax sale, he does not indicate the date on which he became aware of the sale. In his appellate brief, he indicates that he learned of the tax sale through the co-defendants.

. While Cititax objected at trial to the introduction of the 1995 act of sale, the trial court recognized it as being a "document in the record” which was attached to the Motion to Consolidate and we take judicial notice of the act of sale.

. While there is no evidence in the record substantiating that notice of the tax sale was published in the newspaper, at trial, counsel for Cititax noted that two publications were placed in the local newspaper advertising the tax sale. No party disputes that notice of the tax sale was published in the newspaper and the trial court's reasons for judgment took note of this fact.

. The City surmises that the tax collector was led to believe that "either 1) the address '30 Newcomb' is not the tax debtor and the notice was delivered to a neighbor [which would be insufficient notice], or 2) '30 Newcomb’ was written in because that is the correct address and the tax debtor received the notice.”

. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950).

. Id., p. 10, 925 So.2d at 1178.

. Smitko v. Gulf South Shrimp, Inc., 2010-0531 (La.App. 1 Cir. 10/19/11), 77 So.3d 1012, rev’d by Smitko v. Gulf South Shrimp, Inc., 2011-2566 (La.7/2/12), 94 So.3d 750.