| COMMUNITY ASSOCIATES, INC. | * | NO. 2019-CA-0242 |
| | * | |
| VERSUS | | COURT OF APPEAL |
| | * | |
| TOMMY TAYLOR, SHANNON DAVE GRIFFIN, RONNIE HEISSER AND NADINE HEISSER | * | FOURTH CIRCUIT |
| | | STATE OF LOUISIANA |
| | \* \* \* \* \* \* \* | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2014-08510, DIVISION "L"
Honorable Kern A. Reese, Judge
\* \* \* \* \* \*
**Judge Tiffany G. Chase**
\* \* \* \* \* \*
(Court composed of Judge Daniel L. Dysart, Judge Rosemary Ledet, Judge Tiffany G. Chase)

John A. E. Davidson
Christopher J. Davidson
DAVIDSON & DAVIDSON, APLC
2901 Independence Street
Suite 201
Metairie, LA 70006

COUNSEL FOR PLAINTIFF/APPELLANT

**AFFIRMED IN PART;
VACATED AND REMANDED
IN PART;
REVERSED AND RENDERED
IN PART
JULY 31, 2019**

Community Associates, Inc. (hereinafter "Community Associates") seeks review of the trial court's January 24, 2018 judgment confirming three tax sales of property previously owned by Community Associates. The trial court found the tax sale by the City of New Orleans valid and Ronnie and Nadine Heisser owners of the properties. After consideration of the record before this Court, and the applicable law, we affirm the judgment of the trial court confirming the tax sale of 4922 Flake Avenue and reverse the judgment of the trial court regarding the tax sale of 4910 and 4914 Flake Avenue.

## Facts and Procedural History

On April 26, 2006, Tommy Taylor and his wife Ladonna Johnson Taylor transferred community properties located on Flake Avenue in New Orleans to Community Associates. The properties consisted of five lots designated as lot 21 located at 4910 Flake Avenue; lots 22 and 23, located at 4914 Flake Avenue; and lots 24 and 25 located at 4922 Flake Avenue in the Doncost-Gabriel Property subdivision.[1] The sale of the lots was recorded on May 2, 2006. On October 5, 2007, Tommy Taylor (hereinafter "Mr. Taylor") individually donated lots 24 and

---

[1] The Act of Conveyance also transferred ownership interest of lots 19, 20, 21, 22, 23, 24 and 25 in the Blum Antoine Annex subdivision to Community Associates. These lots are not relevant to the current appeal.

1

25 to Shannon Dave Griffin (hereinafter "Ms. Griffin"). The Act of Donation was recorded on October 9, 2007.

Following the recordation of the Act of Donation, ad valorem property taxes were assessed to Ms. Griffin.[2] Due to failure to pay property taxes from 2006 to 2008, the City of New Orleans initiated a tax sale of the properties. Ronald and Nadine Heisser (hereinafter "the Heissers") purchased the properties on December 3, 2009. On January 29, 2010, tax deeds were executed for lots 21, 22, 23, 24 and 25 in favor of the Heissers. The deeds were recorded with the Orleans Parish Notarial Archives on February 9, 2010 and provided the following:

> GABRIEL TRACT SQ 10 LOT 21 FLAKE 25X95 VACANT
> Tax bill number: 39W908517
>
> GABRIEL TRACT SQ 10 LOTS 22, 23 FLAKE 50X95 VACANT
> Tax bill number: 39W908508
>
> GABRIEL TRACT SQ 10 LOTS 24, 25 FLAKE 50X95 FR SGLE ASBESTOS/SIDING 8/RM S A/R
> Tax bill number: 39W908514

On February 18, 2010, the Heissers mailed a certified letter to Community Associates at 3131 Metairie Road, Metairie, Louisiana, 70001. The letter notified Community Associates that 4922 Flake Avenue had been sold for non-payment of taxes. The Heissers enclosed a copy of the tax sale deed, for that property, with the letter. The letter also noted the amount of the taxes necessary within the three-year redemption period. On July 23, 2011, the City of New Orleans mailed a Post Tax Sale Notice to Community Associates to the company's Metairie address. This notice also informed Community Associates of the tax sale and listed the tax bill number as 39W908514; the property location as 4922 Flake Avenue; and the legal

---

[2] Taxes were also assessed in Ms. Griffin's name for lots 21, 22 and 23, although the record does not reflect a title transfer instrument.

description of the property as GABRIEL TRACT SQ 10 LOTS 24 25 FLAKE 50X95 FR SGLE ASBESTOS/SIDING 8/RM S A/R.

Community Associates filed a petition to annul the tax sale, of lots 21, 22, 23, 24 and 25, on August 28, 2014. In response, the Heissers filed a reconventional demand to quiet tax title, of all the lots, on October 9, 2014. By judgment dated December 15, 2016, the trial court rendered the Act of Donation in favor of Ms. Griffin an absolute nullity, leaving the Act of Conveyance of the properties to Community Associates valid. The judgment also severed the issues of nullity of the tax sale and partition of the property.

The issues of nullity of the tax sale and partition of the property were heard by the trial court on June 14, 2017. After taking the matter under advisement, the trial court rendered judgment on January 24, 2018. The trial court found the tax sales valid and named the Heissers as the sole owners of lots 21, 22, 23, 24 and 25. On February 5, 2018, the Heissers filed an ex parte motion to amend judgment, requesting that the trial court correct the municipal addresses of the property in the judgment. The trial court granted the motion on the same date. This appeal followed.

## Discussion

The redemptive period for tax sales is set forth in La. Const. art. VII § 25, which outlines constitutional protections during tax sales. The procedure of redemption of tax sales has previously been addressed by our Court:

> A "redemptive period" is the time "period in which a person may redeem property as provided in the Louisiana Constitution." La. R.S. 47:2122(11). "The property sold [for non-payment of taxes] shall be redeemable for three years after the date of recordation of the tax sale, by paying the price given, including costs, five percent penalty thereon, and interest at the rate of one percent per

month until redemption." La. Const. art. VII, § 25 B(1). *See also* La. R.S. 47:2243; La. R.S. 47:2244.

*Smith v. Brumfield*, 2013-1171, p. 11 (La.App. 4 Cir. 1/15/14), 133 So.3d 70, 77. "No tax sale shall be set aside except for a payment nullity, redemption nullity, or a nullity under R.S. 47:2162, all of which are relative nullities… ." La. R.S. 47:2286.

Community Associates presents eight assignments of error, the majority of which provide that the trial court erred in confirming the tax sales. Community Associates argues that it did not receive a pre-tax sale notice of the sale of lots 24 and 25, that the post-tax sale notice of the sale of lots 24 and 25 was insufficient and therefore, the tax sale is invalid. It further argues that notice of the tax sale regarding lots 21, 22 and 23 was not received before or after the tax sale. It maintains that the lack of notice of these lots constitutes grounds for the sales to be deemed an absolute nullity.

Community Associates presents the following remaining assignments of error: (1) the trial court erred in issuing an ex parte amended judgment without a hearing and after the expiration of the delays for filing a motion for new trial; (2) the trial court improperly converted a tax sale deed representing a 75% ownership interest in the property to 100% ownership of the property; (3) the tax sale incorrectly resulted in the issuance of a tax sale deed instead of a tax sale certificate; and (4) the trial court erred in admitting the unauthenticated post-tax sale notice from the City of New Orleans. We first address the issue surrounding the amended judgment.

**Amended Judgment**

Community Associates maintains that the trial court erred in signing an ex parte judgment filed by the Heissers without conducting a hearing. On February 5,

4

2018, the Heissers filed an ex parte motion to amend judgment. The motion provided that the original judgment listed the incorrect municipal addresses for the properties at issue. The trial court granted the motion and signed the amended judgment on the same date.

La. C.C.P. art. 1051 was amended by Louisiana Acts 2013, No. 78, and provides as follows:

> On motion of the court or any party, a final judgment may be amended at any time to alter the phraseology of the judgment, but not its substance, or to correct errors of calculation. The judgment may be amended only after a hearing with notice to all parties, except that a hearing is not required if all parties consent or if the court or the party submitting the amended judgment certifies that it was provided to all parties at least five days before the amendment and that no opposition has been received.

La. C.C.P. art 1051 thus requires a hearing before a final judgment may be amended, unless the parties consent to the amendment or no opposition is filed after notice. This occurs irrespective of whether the amendment involves non-substantive changes to the judgment.

In the case *sub judice*, the trial court signed the amended judgment *ex parte* and thus without the consent of Community Associates. This was in error. As such, we conclude that the February 5, 2018 judgment, while seeking only to correct a clerical error, was nonetheless a nullity. However, this matter is properly before this Court on appeal of the January 24, 2018 judgment and we are empowered to correct the clerical error in the February 5, 2018 judgment under the authority

5

provided by La. C.C.P. art. 2164.[3] Nonetheless, because our opinion is rendered on a different basis, any error as to the municipal addresses listed in the judgment becomes irrelevant.

## Fundamental Issues

The fundamental issues presented to this Court are whether Community Associates was provided sufficient notice of the tax sale and, if so, whether the trial court's judgment conveyed the correct percentage of interest in the properties to Community Associates. Both of these issues present questions of fact. As such, this matter is reviewed under the manifest error/clearly wrong standard of review. *Cititax Grp., L.L.C. v. Gilbert*, 2012-0633, pp. 3-4 (La.App. 4 Cir. 12/19/12), 108 So.3d 229, 232. We will first address the notice of the tax sales.

## NOTICE OF TAX SALE

Jurisprudence has long established that deprivation of property requires notice and the opportunity for the case to be heard. *Cent. Properties v. Fairway Gardenhomes, LLC*, 2016-1855, p. 8 (La. 6/27/17), 225 So.3d 441, 447. The United States Supreme Court recognized that "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950)). If the name and address of the

---

[3] La. C.C.P. art. 2164:

> The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages, including attorney fees, for frivolous appeal or application for writs, and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.

interested party is reasonably ascertainable, notice by mail is a constitutional precondition to a matter affecting the property interest of a party. *Mennonite Bd. Of Missions v. Adams*, 462 U.S. 791, 800, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983).

La. R.S. 47:2156(A)[4] provides, in pertinent part, that:

> Within the applicable redemptive period, the tax sale purchaser may send a written notice to any or all tax sale parties notifying the parties of the sale. The notice shall provide full and accurate information necessary to contact the tax sale purchaser, including the name, physical address, and telephone number of the purchaser. It shall be accompanied by a copy of the tax sale certificate received by the tax sale purchaser under the provisions of this Part and copies of the documents that the purchaser received with that sale. The notice shall inform the tax sale parties that the failure to redeem the property prior to the expiration of the applicable redemptive period will terminate the right to redeem the property, and the purchaser will have the right to seek confirmation of the tax title and take actual possession of the property. . . .

Our analysis of the sufficiency of the notice of the tax sale will be divided into two sections: notice of the sale of lots 24 and 25; and notice of the sale of lots 21, 22 and 23.

### *Notice of the Sale of Lots 24 and 25*

Community Associates maintains that it should have received a pre-tax sale notice of the sale of lots 24 and 25. However, jurisprudence has found that "a tax sale can no longer be found null for problems with presale notice." *Patton v. Unopened Succession of Dearie*, 2017-0151, p. 10 (La.App. 4 Cir. 10/11/17), __3d.__, __ (quoting *Adair Asset Management, LLC v. Turney*, 50,574, p.14 (La.App. 2 Cir. 5/4/16), 195 So.3d 501, 509). Therefore, we must determine if the

---

[4] La. R.S. 47:2156(B)(1) was amended on June 19, 2019 and is not relevant to our analysis in this appeal.

post-tax sale notice is sufficient to satisfy the due process rights of Community Associates regarding the sale of lots 24 and 25.

The trial court found the post-tax sale notice sent by the Heissers insufficient and confirmed the tax sale based on the post-tax sale notice sent by the City of New Orleans. We find the trial court's ruling, regarding the insufficiency of the Heissers' post-tax sale notice, to be in error. It is undisputed that Community Associates received the post-tax sale notice, mailed by certified mail, from the Heissers. The letter, sent by certified mail, was received by Jaimie Armato, an employee of Community Associates, who signed the certified mail receipt. The post-tax sale notice from the Heissers complied with the requirements of La. R.S. 47:2156. Specifically, the post-tax sale notice from the Heissers: (1) notified Community Associates of the sale of 4922 Flake Avenue, tax bill number 39W908514; (2) provided contact information for the Heissers; (3) included a copy of the tax deed, as testified to by Nadine Heisser, for 4922 Flake Avenue; and (4) informed Community Associates that failure to redeem the property within the applicable statutory period would result in the Heissers seeking confirmation of the tax title.

The Heisser's post-tax sale notice to Community Associates is dated February 18, 2010. The tax deed for lots 24 and 25 located at 4922 Flake Avenue was filed and recorded on February 9, 2010. Thus, the post-tax sale notice was sent within the redemptive period of three years. Community Associates had until February 9, 2013 to redeem the property and failed to take steps to redeem within the applicable statutory period. Based on the record before this Court, we find the trial court erred in determining the post-tax sale notice sent by the Heissers insufficient. However, because we find the post-tax sale notice sent by the Heissers

sufficiently complied with the requirements of La. R.S. 47:2156, we affirm the trial court's judgment confirming the tax sale of lots 24 and 25 located at 4922 Flake Avenue, tax bill number 39W908514.

### *Notice of the Sale of Lots 21, 22 and 23*

We next address notice of the tax sale regarding lot 21 located at 4910 Flake Avenue and lots 22 and 23 located at 4914 Flake Avenue. The post-tax sale notice sent by the City of New Orleans lists the tax bill number as 39W908514; the property location as 4922 Flake Avenue; and the legal description of the property as Gabriel tract sq. 10 lots 24 and 25. The post-tax sale notice does not list lots 21, 22 or 23, along with the corresponding tax bill numbers, nor does it list 4910 or 4914 Flake Avenue as the location of the properties. Further, the post-tax sale notice does not list the legal description of lots 21, 22 or 23. Also, the trial court's reasons for judgment address only the tax sale regarding 4922 Flake Avenue.

The record lacks evidentiary documentation of a pre-tax sale notice or a post-tax sale notice regarding lots 21, 22 and 23. The Heissers testified that they only mailed a post-tax sale notice to Community Associates regarding lots 24 and 25 located at 4922 Flake Avenue, tax bill number 39W908514, because it was the only one that listed Community Associates as an interested party. Ronnie Heisser acknowledged that they did not send a post-tax sale notice to Community Associates regarding the two tax bills associated with lots 21, 22 and 23. We find that the record does not demonstrate that Community Associates received sufficient pre or post-tax sale notice of the tax sale of lot 21 located at 4910 Flake Avenue, tax bill number 39W908517; and lots 22 and 23 located at 4914 Flake Avenue, tax bill number 39W908508. "[N]otice is a constitutional requirement, and want of notice is fatal to a tax sale." *Allied Tax Fund, L.L.C. v. Chin Hong*

9

*Bow & Co., Inc.*, 2012-0371, p. 7 (La.App. 4 Cir. 2/15/13), 155 So.3d 524, 529 (quoting *Lewis v. Succession of Johnson*, 2005-1192, pp. 8-9 (La. 4/4/06), 925 So.2d 1172, 1177. Without evidence of sufficient notice, the trial court erred in confirming the tax sale of lots 21, 22 and 23. Therefore, we reverse the portion of the judgment confirming the tax sale of lot 21 located at 4910 Flake Avenue, tax bill number 39W908517; and lots 22 and 23 located at 4914 Flake Avenue, tax bill number 39W908508 and find that Community Associates received insufficient notice. As such, we annul the tax sale of lot 21 located at 4910 Flake Avenue, tax bill number 39W908517; and lots 22 and 23 located at 4914 Flake Avenue, tax bill number 39W908508.

## PERCENTAGE OF OWNERSHIP INTEREST IN PROPERTY

Community Associates argues that the trial court's judgment awarded the Heissers' sole ownership when the tax sale deeds convey 75% ownership interest in the properties. Since we have determined that notice was only sufficient with regards to lots 24 and 25 located at 4922 Flake Avenue, tax bill number 39W908514, the issue surrounding the percentage awarded in the judgment only pertains to that property. The tax sale deed transfers 75% interest of an undivided interest in lots 24 and 25. Pursuant to the Heissers' reconventional demand, the trial court quieted the title to the property and named the Heissers as the sole owners.

As correctly noted by Community Associates, the Heissers are not entitled to sole ownership of the property. "[A] judgment confirming title to property sold at tax sale may not convey a greater ownership interest in a property than that reflected in the relevant Tax Sale Deed." *Montana v. Jordan*, 2013-1410, p. 7 (La.App. 4 Cir. 2/26/14), 135 So.3d 1212, 1216. The amended judgment declares

the Heissers as the "sole owners" of the property. However, the tax sale deed conveys a 75% interest in lots 24 and 25 located at 4922 Flake Avenue, tax bill number 39W908514, to the Heissers. The judgment of the trial court does not properly reflect the Heissers' interest as conveyed in the tax sale deed. We find the Heissers are only entitled to 75% interest in the property. As such, the judgment of the trial court declaring the Heissers as sole owners of lots 24 and 25, located at 4922 Flake Avenue, is vacated. The matter is remanded for the trial court to issue a judgment which properly reflects the Heissers' property interest as conveyed in the tax sale deed.

The aforementioned findings pretermit any need for discussion of Community Associates' remaining assignments of error.

### Conclusion

The post-tax sale notice mailed by the Heissers to Community Associates, regarding 4922 Flake Avenue, tax bill number 39W908514, was sufficient to notify Community Associates of the tax sale of that property. However, the record does not establish that Community Associates received notice of the tax sale regarding lot 21 located at 4910 Flake Avenue and lots 22 and 23 located at 4914 Flake Avenue. Further, the trial court erred in conveying sole ownership of lots 24 and 25, located at 4922 Flake Avenue, to the Heissers, when the tax sale deed only conveyed a 75% interest in that property.

Considering the foregoing, we affirm the judgment of the trial court confirming the tax sale of 4922 Flake Avenue, lots 24 and 25, tax bill number 39W908514 and vacate the portion of the judgment which declares the Heissers sole owners of that property. We also remand the matter for the trial court to issue a judgment which properly reflects the Heissers' ownership interest as conveyed in

the tax sale deed. Additionally, we find Community Associates did not receive sufficient notice of the tax sale of lot 21 located at 4910 Flake Avenue, tax bill number 39W908517; and lots 22 and 23 located at 4914 Flake Avenue, tax bill number 39W908508. As such, we reverse the judgment of the trial court confirming the tax sales regarding lot 21 located at 4910 Flake Avenue, tax bill number 39W908517; and lots 22 and 23 located at 4914 Flake Avenue, tax bill number 39W908508 and declare the sale of those properties to the Heissers to be an absolute nullity.

**AFFIRMED IN PART;**
**VACATED AND REMANDED**
**IN PART;**
**REVERSED AND RENDERED**
**IN PART**