DANIEL L. DYSART, Judge.
hCarlon Johnson appeals the trial court judgment granting defendant’s, Sun Trust Bank, Exception of Prescription. For the reasons that follow, we affirm.
BACKGROUND:
Carlon Johnson purchased the property located at 1175 Winchester Park in New Orleans, shortly before Hurricane Katrina struck the New Orleans area on August 29, 2005. At the time of the sale, Mr. Johnson purchased homeowners insurance through Louisiana Citizens Property Insurance Corporation (hereinafter “Citizens”), and flood insurance through Fidelity National Insurance Company (hereinafter “Fidelity”). After the hurricane, claims were made to the respective insurance companies for property and flood damage to his property.[1] According to Johnson, he did not learn that three checks had been issued to him[2] by Fidelity and negotiated until November *854 17, 2011, when his deposition was being taken in connection with a lawsuit filed relative to his homeowners claim against Citizens.
| ¾Johnson filed suit against Sun Trust Bank (hereinafter “Sun Trust”), the financial institution that negotiated the three checks, on July 10, 2012, alleging that Sun Trust was negligent for cashing the checks which had been forged by Michael Allen, a “friend” of Johnson’s. Allen was also named as a defendant in the lawsuit.[3]
Sun Trust filed an Exception of Prescription in October, 2012. Johnson countered the exception with the argument that the doctrine of contra non valentón suspended the running of prescription on his claims. Johnson argued that because he did not discover that the checks had been issued on his flood claims, and that they had been forged and cashed by Allen, he could not bring the suit until the discovery took place, i.e., November of 2011. Because he brought suit within one year of the discovery, Johnson argued his claims had not prescribed.
At the time of the hearing on the exception there was a split among the circuit courts of appeal as to the application of the doctrine of contra non valentem. The trial court found that under some circumstances, the doctrine could apply to the case at bar, and overruled Sun Trust’s exception.
Following a Louisiana Supreme Court decision that addressed the differing opinions of the circuit courts, Sun Trust filed a second Exception of Prescription. Johnson again opposed the exception, arguing that Sun Trust effectively prevented him from availing himself of the cause of action. After a hearing, the trial court | ^maintained SunTrust’s exception, and dismissed Johnson’s claims against it, with prejudice.
This appeal followed.
DISCUSSION:
Prescription is a peremptory exception. La.Code Civ. Proc. art. 927. When the exception of prescription is raised in the trial court prior to trial of the case, evidence may be introduced to support or controvert it. La.Code Civ. Proc. art. 931. If evidence is introduced, the trial court’s findings of fact are reviewed according to the manifest error/clearly wrong standard. London Towne Condo, Homeowner’s Ass’n v. London Towne Co., 06-0401, p. 4 (La.10/17/06), 939 So.2d 1227, 1231; Weber v. Metropolitan Cmty. Hospice Found., Inc., 13-0182, pp. 5-6 (La.App. 4 Cir. 12/18/13), 131 So.3d 371, 375.
In most cases, a party asserting a peremptory exception of prescription bears the burden of proof. Ames v. Ohle, 11-1540, p. 5 (La.App. 4 Cir. 5/23/12), 97 So.3d 386, 390. However, if prescription is evident from the face of the pleadings, the plaintiff will bear the burden of showing an action has not prescribed. Id.
Louisiana Revised Statute 10:3-420(f) provides that a claim for conversion prescribes one year from the alleged conversion.
At the hearing on its first Exception of Prescription, Sun Trust introduced copies of the three checks issued by Fidelity that Johnson alleged were negligently negotiated as evidence that Johnson’s claims had prescribed. One check was issued solely to Johnson and was dated September 26, 2005 (check no. 2003751), and was deposited on September 28, 2005. The back of the check contains Johnson’s signature and Michael Allen’s signature. A deposit slip *855 indicates the |4money was deposited into an account entitled “Ma-Kel Enterprises, LLC.” Two checks made payable to Johnson and Argent Mortgage Company were each dated November 24, 2005, and were each deposited on November 29, 2005 (check nos. 2027926 and 2027927). The check indicates a stamped endorsement by Argent Mortgage Company, and written endorsements by Johnson and Allen. They were also deposited in the Ma-Kel Enterprises, LLC, account. Sun Trust also offered into evidence the affidavit of Ellen Fleming, First Vice President of Sun Trust, testifying as to the investigation that was conducted and the documents that were recovered as a result, including the checks, deposit tickets and dates the transactions were concluded.
In its memorandum in support of the exception, Sun Trust argued that contra non valentem should not apply to suspend the running of prescription, absent fraudulent concealment by the defendant. It cited to First, Second and Third Circuit Courts of Appeal cases in support.[4]
In opposition to the exception, Johnson argued that the doctrine of contra non valentem should apply, citing Plaquemines Parish Comm’n Council v. Delta Dev. Co., Inc., 502 So.2d 1034, 1054-55 (La.1987). That case recognized the four instances where contra non valentem is applicable. Specifically, Johnson cited LaCombe v. Bank One Corp., 06-1374 (La.App. 3 Cir. 3/7/07), 953 So.2d 161, as applicable to the facts of this case.
IsSun Trust replied to the opposition,' arguing that Johnson had not put forth any evidence that it had fraudulently concealed the negotiation of the checks, which is required by the Uniform Commercial Code and Louisiana’s adoption of same.
After a hearing, the trial court ruled in favor of Johnson, finding that Johnson was entitled to conduct discovery to determine if Sun Trust had knowledge that the checks had been forged, and had concealed that fact from Johnson.[5]
Following remand from federal court, Sun Trust filed a second Exception of Prescription, this time arguing that the split which previously existed between the circuit courts of this state had been resolved by the ■ Louisiana Supreme Court. The Supreme Court in Specialized Loan Servicing, LLC v. January, 12-2668 (La.6/28/13), 119 So.3d 582, resolved the split among the circuits, and held that “a claim for conversion under the La. U.C.C., specifically La. R.S. 10:3-420, prescribes one year from the date of the conversion.”
The Court addressed the application of the discovery rule, which provides that prescription commences on the date the *856 injured party discovers or should have discovered the facts upon which his cause of action is based. Id., 12-2668, p. 6, 119 So.3d at 586, citing Eastin v. Entergy Corp., 03-1030 (La.2/6/04), 865 So.2d 49, 55. After a detailed review of the prior case law in Louisiana and other states, the Supreme Court explained that:
|fi[r]efusing to apply the discovery rule best serves the underlying purposes of the U.C.C. and the La. U.C.C. of certainty of liability, finality, predictability, uniformity, and efficiency in commercial transactions, and places the burden of diligence on the party in the best position to detect conversion. Further, conversion cases do not present the type of “exceptional circumstances” that would merit the application of the jurispruden-tially created discovery rule to suspend the strict one-year prescriptive period created by the legislature.
Id., 12-2668, p. 15-16,119 So.3d at 591.
In his opposition filed in the trial court, Johnson argued that Specialized Loan Servicing had no application to the facts of his case, as his argument was based on the fact that Sun Trust had prevented him from availing himself of his cause of action, which is the third category of the doctrine of contra non valentón. Thus, because Specialized Loan Servicing focused on the discovery rule, which is the fourth category of contra non valentón, it could not be applied to defeat his cause of action. He again cites to LaCombe, 06-1374, 953 So.2d 16, which he relied upon in opposition to Sun Trust’s first Exception of Prescription.
However, a close review of the pleadings fails to demonstrate any specific allegation by Johnson that Sun Trust fraudulently concealed the forgery or committed any act to prevent Johnson from obtaining knowledge of the conversion. Fraud must be pleaded with particularity. La.Code Civ. Proc. art. 856. In fact, the only allegation made by Johnson against Sun Trust is that it was negligent in negotiating the’ checks. We also note that the ruling in LaCombe was abrogated by the ruling in Specialized Loan Servicing.
Louisiana Revised Statute 10:3^20 defines the term “conversion.” Specifically, La. R.S. 10:3-420(a) states: “An instrument is converted when ... (iii) it is taken by transfer, other than a negotiation, from a person not entitled to [7enforce the instrument or a bank makes or obtains payment with respect to the instrument for a person not entitled to enforce the instrument or receive payment.”
Applying the statute, Johnson’s claim is for conversion of negotiable instruments.
The Supreme Court’s holding in Specialized Loan Servicing, 12-2668 (La.6/28/13), 119 So.3d 582, is applicable herein, and, accordingly, we affirm the ruling of the trial court dismissing Johnson’s claims against Sun Trust, with prejudice.
AFFIRMED

. Johnson’s petition avers that he had homeowners and flood policies in full force and effect at the time of the hurricane. It is unclear from this record who actually made the claims as Johnson gave deposition testimony that either Larry Jackson or Michael Allen made the claims.

. Two checks were issued to Johnson and Argent Mortgage Company, and one check was issued in Johnson’s name only.

. Pleadings contained in the record indicate that Allen was deceased at the time he was named a defendant in this lawsuit.

. Peak Performance Physical Therapy & Fitness, LLC v. Hibernia Corp., 07-2206, p. 11 (La.App. 1 Cir. 6/6/08), 992 So.2d 527, 533 (contra non valentem "cannot be applied to suspend prescription of a cause of action for the conversion of a negotiable instrument under La. R.S. 10:3-420(0, except in the event of fraudulent concealment by the defendant asserting prescription ... ”); Costello v. Citibank (South Dakota), N.A., 45,518, p. 8 (La. App. 2 Cir. 9/29/10), 48 So.3d 1108, 1114 ("the doctrine of contra non valentem does not apply to suspend prescription of a cause of action for conversion of a negotiable instrument under La. R.S. 10:3420(0, except in the event of fraudulent concealment.”); Breaux v. Gulf Coast Bank, 11-192 (La.App. 3 Cir. 10/5/11), 2011 WL 4582503, unpub.

. Sun Trust did not seek a writ on the denial of its Exception of Prescription. Rather, it attempted to have the case removed to federal court in light of the fact that Michael Allen was deceased at the time the law suit was filed (fraudulently joined), thereby creating diversity. Plaintiff filed a motion to remand, but before the motion was heard, plaintiff amended his petition to add Ma-Kel Enterprises, LLC, a Louisiana company. Because diversity was. thus destroyed, the federal court remanded the case.