Judge Madeleine M. Landrieu
. | ,The plaintiff, Engine 22, L.L.C.. (“Engine 22”), filed an action in the district court to annul a tax sale of a certain property from the City of New Orleans (“the City”) to the defendant, Land and Structure, L.L.C, (“Land and Structure”). Land and Structure filed a competing action to confirm its title to the property. These two actions were consolidated in the district court. Land and Structure asserted various exceptions in response to the suit to annul. The trial court rendered written judgment denying these exceptions on April 14, 2016. Land and Structure filed the instant appeal from that judgment, contending that the exceptions of no right of action, no cause of action and prescription were erroneously denied.
JURISDICTION
This court lacks appellate jurisdiction to review a judgment denying exceptions, which is an interlocutory, rather than a final, judgment. See La. C.C.P. arts. 1841, 2083; Box v. French Market Corporation, 593 So.2d 836 (La. App. 4th Cir. 1992). However, as the motion for appeal was filed within the thirty-day time period allowed for taking a writ application, we exercise our discretion to convert the appeal to a writ application. We grant the writ application and consider the)?, issues presented under our supervisory jurisdiction. See Stelluto v. Stelluto, 2005-0074, p. 7 (La. 6/29/05), 914 So.2d 34, 39.
FACTS AND PROCEEDINGS BELOW
There is no disagreement among the parties as to the essential facts of this matter. On November 20, 2003, the City acquired the property at issue as a result of the failure of the owners, Mr. and Mrs. Frank Kern, to pay their 1992 ad valorem taxes.
In 2007, Engine 22 purchased the property from the City at a sale of abandoned property. The deed reflecting the sale to Engine 22 states: “Purchaser agrees to renovate, develop and/or resubdivide the property in accordance with the plans submitted by Purchaser to the City within 270 days from the date hereof...” The deed also provides that in the event the purchaser violates the obligations it has agreed to, the City may enforce the purchaser’s obligations “by any means or remedy.. .allowed by law,” or may “revoke, rescind and dissolve this sale by ordinary, summary or executory process....” This deed was executed before two notaries, with Engine 22 signing on April 19, 2007, and the City’s representative signing on December 18, 2007. For reasons not reflected in the record, this deed was not recorded in the public records until March *4 31, 2011, nearly three and a half years after its execution.
After the deed was executed, but before it was recorded in the public record, the City conducted a tax sale for unpaid 2008/2009 ad valorem taxes by the prior owner, Mr. Kern. Land and Structure purchased the property at this tax sale, which was recorded on November 4, 2010. On June 19, 2011, Engine 22 filed a petition to annul the tax sale to Land and Structure. In its petition, Engine 22 alleges the sale should be nullified because the property was owned by the CityR and therefore not subject to taxation in 2008 and 2009. Alternatively, Engine 22 alleges the tax sale is an absolute nullity because there was no notice issued to Engine 22. Land and Structure asserted four exceptions to Engine 22’s suit: no cause of action, no right of action, prescription and non-joinder of a party (the City). The trial court conducted a hearing on these exceptions on April 4, 2016 and signed a judgment denying them the same day. Engine 22 seeks review of the denial of three of the exceptions, namely; no cause of action, no right of action, and prescription.[1]
DISCUSSION

Exception of No Cause of Action

Land and Structure argues that Engine 22’s petition fails to state a cause of action. In its Petition to Annul Tax Sale, filed January 19, 2016, Engine 22 alleges that the tax sale to Land and Structure is an absolute nullity because “no proper notice of tax sale was issued in connection therewith.”
An exception of no cause of action questions whether the law extends a remedy to anyone under the factual allegations of the petition. Moses v. Moses, 2015-0140, p. 3 (La.App. 4 Cir. 8/5/15), 174 So.3d 227, 229-30, writ denied, 2015-1643 (La. 10/30/15), 180 So.3d 300 (citations omitted). No evidence may be introduced to support or controvert an exception of no cause of action. Id.-, see La. C.C.P. art. 931. The exception is tried on the face of the petition, and each well-pleaded fact contained therein must be accepted as true. Id. In reviewing the petition to determine whether a cause of action has been stated, the court must, if possible, interpret it to maintain the cause of action. Any reasonable doubt | ¿concerning the sufficiency of the petition must be resolved in favor of finding that a cause of action has been stated. Blanchard v. Blanchard, 2012-0106, p.7 (La.App. 1 Cir. 12/31/12), 112 So.3d 243, 248-49. Appellate courts conduct a de novo review of a trial court’s ruling granting an exception of no cause of action as the exception presents questions of law. Moses v. Moses, 2015-0140, p. 3, 174 So.3d at 229 (citations omitted).
A tax sale without proper notice is an absolute nullity. See Cititax Group., L.L.C. v. Gibert, 2012-0633, 2012-0634 (La. App. 4 Cir. 12/19/12), 108 So.3d 229. A suit to annul a tax sale is recognized as a cause of action in the Article VII, Section 25 (C) of the Louisiana Constitution.[2] Therefore, Engine 22’s petition states a cause of action. The trial court did not err by denying this exception.

*5
Exception of No Right of Action

The function of the peremptory exception of no right of action is to determine whether the plaintiff belongs to a class of persons to whom the law grants the cause of action asserted in the suit. Blanchard v. Blanchard, supra, 2012-0106, p. 7, 112 So.3d at 249. The focus is on whether the particular plaintiff has a right to bring the suit; it assumes that the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case is a member of the class that has a legal interest in the subject matter of the litigation. Id. (citing Benoit v. Allstate Ins. Co., 2000-0424 (La. 11/28/00), 773 So.2d 702] R 708. Whether a plaintiff has a right of action is a question of law; therefore, it is reviewed de novo on appeal. Id.
The burden of showing that the plaintiff has not stated a cause or right of action is upon the party raising the exception. Kirksey v. New Orleans Jazz & Heritage Found., Inc., 2012-1351, p. 7 (La. App. 4 Cir. 2/27/13, 7), 116 So.3d 664, 669. Here, Land and Structure argues Engine 22 had no right to notice of the tax sale because Engine 22 did not comply with the obligations it agreed to undertake in the 2007 deed. However, Land and Structure provided no proof of Engine 22’s alleged noncompliance, nor any evidence that the City had revoked or rescinded the sale to Engine 22. As a party in possession of a deed showing it purchased the property from the City prior to the tax sale to Land and Structure, Engine 22 has a right of action to bring a suit to nullify the tax sale on account of lack of proper notice.[3] Therefore, the trial court did not err by denying the exception of no right of action.

Exception of Prescription

In most cases, a party asserting a peremptory exception of prescription bears the burden of proof. However, if prescription is evident from the face of the pleadings, the plaintiff will bear the burden of showing an action has not prescribed. Johnson v. Allen, 2014-0490, p. 3 (La.App. 4 Cir. 1/7/15), 158 So.3d 852, 854 (citations omitted). If evidence is introduced on the exception of prescription, the trial court’s findings of fact are reviewed according to the manifest error/clearly wrong standard. Id.
| fjLand and Structure contends that Engine 22’s suit is prescribed because it was filed after the expiration of the redemptive period. Land and Structure has cited no law or jurisprudence supporting this argument.
A tax sale without proper notice is an absolute nullity; an absolute nullity may be attacked collaterally at any time, and is not cured by the peremptive period. Cititax Grp., L.L.C. v. Gibert, supra, pp. 9-10, 108 So.3d at 235. In Sutter v. Dane Investments, Inc., 2007-1268, 2007-1269 (La.App. 4 Cir. 6/4/08), 985 So.2d 1263, this court affirmed a judgment nullifying a tax sale for lack of notice where the nullity action was brought ten years after the recordation of the sale. We note that even the statutory time periods for bringing an action to declare a tax sale a relative nullity (i.e., a redemptive nullity or a payment nullity as provided for in La. R.S. 47:2286) are predicated upon receipt of due notice. La. R.S. 47: 2287 provides, in pertinent part:
A. Any action to annul a tax sale on grounds of a redemption nullity shall be brought before the earlier of:
*6 (1) Six months after a person is duly-notified using a notice, other than the notice provided in R.S. 47:2156 that is sent between the time that the redemptive period ends and five years after the date of the recordation of the tax sale certificate.
(2) If a person is duly notified more than five years after the date of the recordation of the tax sale certificate, sixty days after the person is duly notified.
B. An action to annul a tax sale on grounds of a payment nullity shall be brought before the later of:
(1) Five years after the recordation of the tax sale certificate.
(2) If the person bringing the action was not duly notified at least sixty -days before the end of that five-year period, then within sixty days after the date that the person was duly notified.
|7In this case, Engine <22 alleges there was no proper notice afforded it by the City of the tax sale to Land and Structure.[4] Therefore, the trial court did not err by denying the exception of prescription.
CONCLUSION
For the reasons stated, the appeal is converted to a writ application, the writ is granted and relief is denied.
APPEAL CONVERTED TO WRIT APPLICATION; WRIT GRANTED AND RELIEF DENIED

. Engine 22 does not seek review of the trial court’s denial of the exception of non-joinder of the City.

. La. Const, art. VII, § 25(C), provides, in pertinent part:
. Annulment. No sale of property for taxes shall be set aside for any cause, except on proof of payment of the taxes prior to the date of the sale, unless the proceeding to annul is instituted within six months after service of notice of sale. A notice of sale shall not be served until the final day for redemption has ended. It must be served within five years after the date of the recor-dation of the tax deed if no notice is given.

. Whether Engine 22 was a record owner entitled to notice under the facts of this case is a matter to be determined at trial.

. As stated in footnote 3, whether Engine 22 is a party that was entitled to notice under the law as applied to the particular facts of this case is an issue for trial.