NEIGHBORS OF 200 HENRY CLAY AVENUE AND AUDOBON RIVERSIDE NEIGHBORHOOD ASSOCIATION

VERSUS

THE BOARD OF ZONING ADJUSTMENT OF THE CITY OF NEW ORLEANS

*     NO. 2022-C-0556

*     COURT OF APPEAL

*     FOURTH CIRCUIT

*     STATE OF LOUISIANA

* * * * * * *

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2020-10464, DIVISION "D"
Honorable Nakisha Ervin-Knott, Judge
* * * * * *
**Chief Judge Terri F. Love**
* * * * * *

(Court composed of Chief Judge Terri F. Love, Judge Sandra Cabrina Jenkins, Judge Dale N. Atkins)

Shawn Lindsay
DEPUTY CITY ATTORNEY
Daniel T. Smith
ASSISTANT CITY ATTORNEY
Corwin St. Raymond
CHIEF DEPUTY CITY ATTORNEY
Kevin C. Hill
SENIOR CHIEF CITY ATTORNEY
Donesia Turner
CITY ATTORNEY
1300 Perdido Street, Room 5E03
New Orleans, LA 70113

      COUNSEL FOR APPLICANT

Henry W. Kinney
1250 Poydras Street, Suite 2450
New Orleans, La 70113

      COUNSEL FOR RESPONDENT

      **WRIT GRANTED; JUDGMENT REVERSED**
        **October 10, 2022**

*TFL*

*SCJ*

*DNA*

This matter derives from a zoning dispute. Applicant, the City of New Orleans ("City"), seeks supervisory review of the trial court's June 2, 2022 judgment which denied the City's exception of insufficiency of service of process, exception of prescription, and motion for involuntary dismissal regarding the timeliness of Respondents' appeal of a zoning decision of the Board of Zoning Adjustments for the City of New Orleans ("BZA").

Respondents, Neighbors of 200 Henry Clay Avenue and Audubon Riverside Association, named only the BZA as a defendant in its original petition for appeal ("Original Petition"). The City filed exceptions of lack of procedural capacity and insufficiency of service of process. This Court affirmed that part of the trial court's judgment which granted the City's exceptions of lack of procedural capacity and insufficiency of service of process, and the matter was remanded to the trial court.[1] In response to Respondents' second amended petition for appeal ("Amended Petition"), the City filed the declinatory exception of insufficiency of

---

[1] *See Neighbors of 200 Henry Clay Avenue v. Bd. of Zoning Adjustment*, 2021-0387 (La. App. 4 Cir. 1/26/22), 335 So.3d 255, *writ denied sub dom. Neighbors of 200 Henry Clay Ave. v. Bd. Of Zoning Adjustment of the City of New Orleans*, 2022-0337 (La. 4/20/22), 336 So.3d 467. The opinion vacated that part of the trial court judgment which had granted a dismissal without prejudice and remanded for further proceedings consistent with the opinion.

1

service of process, peremptory exception of prescription, and the motion for involuntary dismissal, which are the subject of the present writ application.

Respondents failed to timely file suit naming the City as a defendant in its appeal of the BZA zoning decision. Accordingly, we grant the City's writ application and reverse the judgment.

## FACTUAL AND PROCEDURAL HISTORY

The owner of 200 Henry Clay Avenue submitted a zoning verification request to the Department of Safety and Permits to classify a helicopter landing structure at Children's Hospital as a "helistop," a permitted use of the property under the Comprehensive Zoning Ordinance ("CZO"). Respondents appealed the zoning verification decision to the BZA. The BZA issued a disposition on November 18, 2020, which upheld the zoning verification.

On December 9, 2020, Respondents filed the Original Petition to appeal the BZA's decision. Respondents named the BZA as the only adverse party and requested service on the BZA through its chair. The City filed a dilatory exception of lack of procedural capacity and a declinatory exception of insufficiency of service of process, asserting that the BZA lacked juridical capacity to sue and be sued and noting that Respondents failed to serve the City. The trial court granted the City's exceptions on March 22, 2021, and dismissed Respondents' Original Petition without prejudice. Respondents filed a notice of intent to seek supervisory review. This Court denied the writ.[2]

---

[2] See Neighbors of Henry Clay Avenue and Audubon Riverside Neighborhood Ass'n v. Bd. of Zoning Adjustment of the City of New Orleans, 2021-0176 (La. App. 4 Cir. 4/21/21).

On April 21, 2021, Respondents filed the Amended Petition in which Respondents named the City as a defendant and requested citation and service.[3] The City was served on May 5, 2021. The City filed exceptions of insufficiency of service of process and prescription in response to the Amended Petition. Before a hearing date was fixed on these exceptions, Respondents filed a motion for devolutive appeal of the same March 22, 2021 trial court judgment wherein the trial court had granted the City's exceptions of lack of procedural capacity and insufficiency of service of process and this Court had denied writ review.[4] As previously referenced herein, on appeal, this Court affirmed the trial court's judgment granting the City's exceptions of lack of procedural capacity and insufficiency of service of process; vacated the motion to dismiss without prejudice; and remanded for further proceedings.[5]

After remand, the City filed a motion to reset the hearing on its exceptions of insufficiency of service of process and prescription, and also filed a motion for involuntary dismissal. The trial court denied the exceptions and the motion for involuntary dismissal. The trial court reasoned, in part, that the Amended Petition naming the City as a defendant was not prescribed because it satisfied all of the criteria outlined in La. C.C.P. art. 1153 to relate back to the timely filed Original Petition.

The City timely filed its notice of intent to seek supervisory writs.

---

[3] Prior to the filing of the second Amended Petition, Respondents had filed an amended petition on December 11, 2020. In this petition, Respondents sought a writ of certiorari to compel the BZA to produce the record of the underlying proceedings.

[4] *See* fn. 2.

[5] *See* fn. 1.

**DISCUSSION**

The City argues the trial court erred in the following respects: (1) denying the City's peremptory exception of prescription because the matter was prescribed at the time Respondents filed the Amended Petition; (2) denying its declinatory exception of insufficiency of service of process because Respondents failed to request service within ninety days of the commencement of the action and could not cure the defect because the matter had prescribed; and (3) denying the City's motion for involuntary dismissal based on Respondents' failure to request service on the City within ninety days without good cause pursuant to La. C.C.P. art. 1201(C) and La. C.C.P. art. 1672(C).[6]

### *Standard of Review/Legal Precepts: Exception of Prescription*

The standard of review of a trial court's ruling on a peremptory exception of prescription hinges on whether evidence is introduced. *Wells Fargo Financial Louisiana, Inc. v. Galloway*, 2017-0413*,* pp. 7-8, (La. App. 4 Cir. 11/15/17), 231 So.3d 793, 800 (citations omitted). When no evidence is introduced, but only the determination of a legal issue, the *de novo* standard of review applies, under which the trial court's legal conclusions are not entitled to deference. *See In re Benoit*, 2017-0802, pp. 5-6 (La. App. 4 Cir. 4/11/18), 244 So.3d 44, 49. In this context, "the exception of prescription must be decided on the facts alleged in the petition,

---

[6] La. C.C.P. art. 1201(C) states, in pertinent part, that "[s]ervice of the citation shall be requested on all named defendants within ninety days of commencement of the action."

. . . .

La. C.C.P. art. 1672(C) provides the following:

> A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribe by Article 1201(C) or 3955 upon the sustaining of a declinatory exception filed by such defendant, or upon contradictory motion of any other party, unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time.

which are accepted as true." *Denoux v. Vessel Mgmt. Servs., Inc.*, 2007-2143, p. 6 (La. 5/21/08), 983 So.2d 84, 88 (citations omitted).

Ordinarily, the defendant—the party asserting a peremptory exception of prescription—bears the burden of proof. *See Engine 22, LLC v. Land & Structure, LLC*, 2016-0664, 2016-0665, p. 5 (La. App. 4 Cir. 4/5/17), 220 So.3d 1, 5. However, when the plaintiff's claim is prescribed on the face of the petition, the burden shifts to the plaintiff to establish that his or her claim has not prescribed. *Spott v. Otis Elevator Co.*, 601 So.2d 1355, 1361 (La. 1992).

"Generally, prescription statutes are strictly construed against prescription and in favor of the claim sought to be extinguished by it; thus, of two possible constructions, that which favors maintaining, as opposed to barring an action, should be adopted." *Wells v. Zadeck*, 2011-1232, pp. 6-7 (La. 3/30/12), 89 So.3d 1145, 1149 (citations omitted).

### La. R.S. 13:5107(D)(3); La. C.C.P. art. 1153

The City complains that Respondents' appeal of the BZA decision was prescribed because Respondents did not file suit against the City in their Original Appeal within thirty days as required by La. R.S. 33:4727(E)(1).[7] Here, notice of the BZA decision was filed on November 18, 2020. Respondents filed suit against the BZA on December 9, 2020. However, the City emphasizes that although Respondents timely lodged an appeal against the BZA, this Court upheld the City's

---

[7] La. R.S. 33:4727(E)(1) provides the following:

> Any person or persons jointly or severally aggrieved by any decision by the board of adjustment of any officer, department, board, or bureau of the municipality, may present to the district court of the parish or city in which the property affected is located a petition, duly verified, setting forth that the decision is illegal, in whole or in part, specifying the grounds of the illegality. The petition shall be presented to the court within thirty days after the filing of the decision in the office of the board.

exception that the BZA lacked the procedural capacity "to sue and be sued;" therefore, inasmuch as the suit against the BZA was of no legal effect, Respondents' Amended Petition, filed on April 21, 2021, was prescribed on its face. In conjunction therewith, the City maintains that pursuant to La. R.S. 13:5107(D)(3), the filing of the Original Petition against the wrong party-the BZA-did not interrupt or suspend the running of prescription against the City, a governmental entity. La. R.S. 13:5107(D)(3) states the following:

> When the state, a state agency, or a political subdivision, or any officer or employee thereof, is dismissed as a party pursuant to this Section, the filing of the action, even as against other defendants, shall not interrupt or suspend the running of prescription as to the state, state agency, or political subdivision, or any officer or employee thereof; however, the effect of interruption of prescription as to other persons shall continue.

Respondents counter that the Amended Petition was timely as it relates back to the Original Petition, citing La. C.C.P. art. 1153. That article provides that "[w]hen the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading." Therefore, Respondents urge that inasmuch as the Amended Petition arises out of the same conduct and relates back to the Original Petition, the timely filed Original Petition interrupted prescription on the Amended Petition.

"Rules of statutory construction provide that where two statutes deal with the same subject matter, they should be harmonized if possible; however, if there is a conflict, the statute specifically directed to the matter at issue must prevail [as to the more general] provision." *Davis v. State through Louisiana Racing Comm'n*, 2020-01020, p. 4 (La. 5/13//21), 320 So. 3d 1028, 1032, *reh'g denied*, 2020-01020 (La. 6/29/21),---So.3d---. In the present matter, La. R.S.13:5107(D)(3) and La.

C.C.P. art. 1153 conflict on the issue of prescription. As they cannot be harmonized, La. R.S. 13:5107(D)(3), the more specific statue, controls La. C.C.P. 1153, the more general statute, in determining whether Respondents timely appealed the BZA decision.

In *Davis*, the Supreme Court examined the conflict between La. R.S. 13:5107(D)(3) and La. C.C. art. 3463 in reviewing whether the trial court had erred in denying the state's exception of prescription. The underlying facts in *Davis* involved a suit by the plaintiff filed in 2017 against the Louisiana State Racing Commission ("Commission") and other related state defendants, complaining that he suffered damages as a result of the misidentification of his horse as the winner of a race. The plaintiff failed to request service on the Louisiana Attorney General or the Office of Risk Management within ninety days as required by statute. The trial court granted the exception and dismissed plaintiff's suit without prejudice. On March 18, 2019, the day before the hearing, the plaintiff filed a second suit asserting the same allegations against the same state defendants as he did in the first suit. On March 19, 2019, the plaintiff filed an amended petition for damages, naming additional non-state defendants and requesting service on all the parties. The state defendants filed an exception of prescription in response to the second suit, arguing that the alleged acts of negligence occurred outside of the one-year prescriptive period. With reference to the dismissed 2017 suit, the state defendants argued that La. R.S. 13:5107(D)(3) applied, and that pursuant to the statute, the filing of the dismissed earlier action did not interrupt or suspend the running of prescription as to the state, state agency, political subdivision, or any officer thereof. The trial court granted the plaintiff's opposition to the prescription exception, finding that pursuant to La. C. C. art. 3463, prescription was interrupted

by the filing of the first suit and continued as long as the suit was pending. Accordingly, as the plaintiff filed the second suit before the dismissal of the first suit, the trial court determined that prescription was not an issue. The Third Circuit denied the state defendants' writ application. Thereafter, the Supreme Court granted writs. *Davis*, 2020-01020, pp. 1-3, 320 So.3d at 1030-1031.

In analyzing La. R.S. 13:5107(D)(3), the Court explained that the subsection is a part of a larger statutory scheme, La. R.S. 13:5101, *et seq.*, known as the Louisiana Governmental Claims Act ("Governmental Claims Act"), which was enacted to apply to claims against the state. *Id.*, p. 5, 320 So.3d at 1032. Referencing La. R.S. 13:5107(D)(3), the Court found that "[t]he prescription articles contained therein have direct application to claims made against the state, its agencies, and its employees, and apply to the exclusion of general Civil Code provisions related to interruption." *Id.*, pp. 5-6, 320 So.3d at 1033. In comparing La. R.S. 13:5107(D)(3) and La. C.C. articles 3462 and 3463, the Court noted that an actual conflict existed between code articles and the statute in that the code articles provide that prescription is interrupted when the action is commenced, and interruption continues as long as the suit is pending; whereas, La. R.S. 13:5107(D)(3) provides that when the action is against the state and it is dismissed pursuant to the statute, the filing of the action "shall not interrupt or suspend the running of prescription as to the state, state agency, or political subdivision . . .." *Id.*, p. 6, 320 So.3d at 1033. The Court espoused that the civil code articles addressed generalities about when lawsuits interrupt prescription, whereas, La. R.S. 13:5107(D)(3), the more specific statute, provides for no interruption at all after a dismissal under the subsection where the state is a defendant. *Id.* In sustaining the state defendants' exception of prescription, the Court reasoned:

Since La. R.S. 13:5107(D)(3) mandates that the filing of the dismissed action "shall" not interrupt or suspend the running of prescription against state defendants, the statute's plain language prohibits plaintiff from relying upon his original petition in any manner for the interruption of prescription against the state defendants here. La. R.S. 1:3 ("The word 'shall' is mandatory."). As a result, the first suit did not serve to interrupt or suspend the running of prescription against the state defendants, and the claim prescribed on December 20, 2017. Under the plain language of the statute, plaintiff's initial petition had no effect.

*Id.*, p. 7, 320 So.3d at 1033-34.

Likewise, in accord with *Davis*, La. R.S. 13:5107(D)(3), the more specific statute, which outlines the interruption or suspension of prescription against state litigants controls in the case *sub judice* over La. C.C.P. art. 1153, which provides generalities as to when complaints relate back for purposes of interrupting or suspending prescription. Respondents' Original Petition, which did not name the City as a defendant, did not interrupt prescription. Respondents filed their Amended Petition against the City well beyond the thirty days provided in La. R.S. 33:4727(E)(1) to appeal a BZA decision. Accordingly, we find the trial court erred in denying the City's exception of prescription.

***Exception of Insufficiency of Service of Process and Motion for Involuntary Dismissal***

We pretermit discussion of the City's remaining assignments of error having found that the trial court erred in denying the City's exception of prescription

**DECREE**

Based on the foregoing reasons, we grant the City's writ application, reverse the judgment, and dismiss Respondents' claim against the City.

**WRIT GRANTED; JUDGMENT REVERSED**

9